GUSTAVUS A. DUNCAN, APPELLANT, *v.* MATT. T. GISBORN AND GEYSER MINING CO., RESPONDENTS.

1. *Agreement to Convey Land—Failure to Deed—Consideration Paid—Right to Recover.*

On January 4, 1893, defendant Gisborn agreed in writing to convey certain real estate to plaintiff upon the payment by the latter on that day of $250, on the 9th day of the month $750; on the 1st day of the following February $9,000, and on the 1st day of the following October $65,000, postponed by agreement to the 1st day of January, 1894. The plaintiff made the first pay-

17 UTAH—14

ment when due. Gisborn at no time had the title, and did not tender a deed to the land, nor did plaintiff tender the last payment when due. *Held*, that plaintiff had the right to rescind the contract upon the failure of Gisborn to tender a sufficient deed when the last payment became due, and to recover the $10,000 paid on the promise the law implied, upon the part of Gisborn, to repay it.

2. *Contract to Convey Land—Implied Promise to Repay Advances.*
   Upon a failure to convey land according to a written contract, without any provision to repay advance made, an implied promise to do so arises.

3. *Actions on Implied Contracts—Barred After Two Years.*
   Upon a failure to convey land or to make a sufficient tender according to contract, a right of action accrues to recover payments made on the day after the failure; and, the contract being implied, the action is barred if not brought within two years thereafter, by section 3145, Comp. Laws 1888.

(No. 940. Decided Aug. 15, 1898.)

Appeal from district court, Salt Lake county; Ogden Hiles, *Judge.*

Action by Gustavus A. Duncan against Matthew T. Gisborn and another. Judgment for defendants, and plaintiff appeals. *Affirmed.*

*Dickson, Ellis & Ellis*, and *W. C. Hall,* for appellant.

*Baskin & Hoge*, for respondents

Zane, C. J.:

The plaintiff alleges in his amended complaint that on January 4, 1893, he entered into an agreement in writing with defendant Gisborn, by which the latter undertook to convey to him, by a good and sufficient deed, the land de-

scribed, upon the payment of the sum of $75,000, as follows: On January 4, 1893, $250, on the 9th day of the same month $750, on February 1st of the same year $9,000, and on October 1st of the same year $65,000; that the first three installments were paid by the plaintiff according to the contract, but the payment of the last was postponed by agreement of both parties until January 1, 1894; that the title to the property was not in Gisborn on January 4, 1893, nor has he since owned it, nor has he ever tendered to plaintiff a sufficient deed of conveyance. The plaintiff demanded judgment in his complaint for the $10,000, paid on the land. This action was commenced on May 12, 1896.

The first question for consideration is, do the facts stated constitute a cause of action? The title to the land was the consideration to be received by the plaintiff for the money to be paid by him. He was to receive the land, and the vendor the money. The one was to be the consideration for the other. The plaintiff complied to the extent of paying $10,000; but it is averred the vendor was not able at any time to comply with the contract, nor does it appear that he tendered to plaintiff at any time a sufficient deed of conveyance. That being so, the consideration for the $10,000 wholly failed, and, in equity and good conscience, he had no right to retain it; and we must regard it as money in his hands for the use of the plaintiff, for which the latter had a right of action against the defendant Gisborn. *Burks* v. *Davies*, 35 Cal. 110; *Moore* v. *Williams*, 115 N. Y. 586.

On the trial of the case, the court found that the first three payments, amounting to the $10,000 sued for, had been paid by plaintiff to Gisborn, but that he did not have the title to the property, and could not make a good and sufficient conveyance of the property according to the

contract, and that he never tendered such a conveyance, and also found that the plaintiff did not make the last payment, nor a tender thereof, until long after January 1, 1894. The defendant Gisborn not being able to make the conveyance, the court below correctly held that the plaintiff's right of action accrued on January 2, 1894, the day after the vendor should have tendered the deed. We are also disposed to hold that, both plaintiff and defendant having failed to comply with their contract, and the vendor having failed to tender a sufficient deed, as required thereby, and the plaintiff having also failed to tender the last payment, either had the right at law to rescind, and that the plaintiff on that ground could recover the amount paid by him. Gisborn, under such circumstances, could not keep the land and the $10,000 paid as a part consideration for it. *Boston* v. *Clifford*, 68 Ill. 67; *Cleary* v. *Folger*, 84 Cal. 316. For the reason that Gisborn was unable to convey the property according to the contract, and also for the reason that he did not tender to plaintiff a sufficient deed, the plaintiff had the right to rescind the contract, and to recover the $10,000 paid; and his right of action accrued on January 2, 1894, as the lower court held.

The defendants, in their answer, relied upon section 3145 of the Compiled Laws of Utah of 1888 as a bar to a recovery. The first division of the section requires actions upon contracts, obligations, or liabilities, not founded upon instruments of writing, to be commenced within two years after their right of action accrued. The contract for the conveyance of the property and the payment of the purchase price having been rescinded, the $10,000 remained in the vendor's hands without any consideration having been given for it. The consideration for it had wholly failed, and, in equity and good conscience,

he had no right to retain it under the circumstances, and the law raised an implied promise by the vendor to pay it to the vendee. This action is upon that unwritten contract. It could not be based on the written contract rescinded. The written contract did not provide for the repayment of the money advanced upon it. The vendee, under such a contract, cannot institute suit to recover back money, paid as a consideration for the land, and insist that it is still in force.. Had the written contract provided for a return to the vendee of money advanced upon the land in case of the failure of the vendor to convey, an action might have been instituted on that provision without a rescission. *Thomas* v. *Beach Co.*, 115 Cal. 136; *Coughran* v. *Bigelow*, 164 U. S. 301. We hold the action was barred by the statute of limitations, relied on, when this suit was commenced. The judgment is affirmed.

Bartch and Miner, JJ., concur.