SPIRITUSFABRIEK ASTRA, OF AMSTERDAM, HOLLAND, Respondent, *v.* SUGAR PRODUCTS COMPANY, Appellant.

First Department, February 23, 1917.

Sale — when provisions of contract allowing parties to fix special times for separate deliveries does not render it unenforcible — pleading — complaint.

A contract by which the parties bind themselves, the one to buy and the other to sell a certain quantity of goods per year for a period of years from a certain date, is not rendered unenforcible by a provision therein that "the times of delivery are to be arranged from time to time between buyer and seller who pledge themselves to mutual aid."

The quoted provision is simply an agreement to do what the law would require to be done in case the clause were absent from the contract, *i. e.*, to deliver within a reasonable time after demand.

Complaint by the buyer in an action on the contract examined, and *held*, to sufficiently allege a demand for delivery within a reasonable time and ability to pay.

DOWLING and SCOTT, JJ., dissented, with opinion.

APPEAL by the defendant, Sugar Products Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of September, 1916, denying its motion for judgment on the pleadings, consisting of a complaint and answer.

First Department, February, 1917.          [Vol. 176.

*Joseph M. Proskauer,* for the appellant.

*Hiram Thomas,* for the respondent.

DAVIS, J.:

This action is brought on a written instrument, in which, among other things, the plaintiff agrees to buy from defendant, and defendant agrees to sell to the plaintiff, at certain prices during a period of three years from July 1, 1914, 6,000 to 12,000 tons of San Domingo or Cuban molasses, buyer's option, to be delivered. The deliveries are to be made in cargoes of about 2,500 tons, but if the buyer should want less than a cargo at a time, the seller agrees to split a cargo and deliver a part of it. We have in the instrument all of the essential elements of a complete and enforcible contract — parties, subject-matter, price and time within which the deliveries must be made. The defendant .claims that the writing in question is not an enforcible contract, but merely a memorandum of an agreement to enter into a contract in future.

The basis for defendant's claim is found in the following paragraph of the writing in question: " The times of delivery are to be arranged from time to time between buyer and seller, who pledge themselves to mutual aid." Defendant argues that, inasmuch as by this provision the parties left undetermined and open for future arrangement the particular dates upon which separate deliveries are to be made, the writing fails to express an essential element of an enforcible contract for the sale of goods, to wit, the time of delivery, and is, therefore, void. If the clause relied upon by the defendant were the only provision as to the time of delivery, the writing might be void for vagueness and uncertainty. But the instrument contains a provision which fixes definitely the time of delivery as within each of three years. We find this provision in the 1st paragraph of the contract, where the parties bind themselves, the one to buy, and the other to sell, molasses for three years in amounts of from 6,000 to 12,000 tons per year. In the agreement to sell a *stated amount within a year,* there is implied the obligation to deliver within a year. The whole contract clearly shows the intention to require delivery of a specific amount of molasses each year.

The fact that the parties were to arrange from time to time (*i. e.*, during the continuance of the contract) the special times when separate deliveries should be made, in no wise affects the absolute obligation to make deliveries of the whole amount within a year from July 1, 1914. This is not a contract to deliver 6,000 to 12,000 tons within a year, provided the parties could agree upon special dates for deliveries of a part and, failing to agree, there should be no sale or delivery whatever. The delivery of the whole amount was not made to depend upon a future agreement as to special dates of separate delivery. The major obligation is to deliver a designated amount within a year. Only a minor and non-essential detail of the delivery, *i. e.*, the particular dates of separate delivery, was left open for arrangement from time to time as specific deliveries were desired.

The presence in this contract of the clause in question does not make the contract unenforcible. It is simply an agreement to do what the law would require to be done in case the clause were absent from the contract, *i. e.*, to deliver within a reasonable time after demand. The principle is illustrated in *Page* v. *Cook* (164 Mass. 116) and in *Ramot* v. *Schotenfels* (15 Iowa, 457). In the former case the court held that a demand promissory note "payable when payor and payee mutually agree" was payable "when and after the payor ought reasonably to have agreed." In the latter case a promissory note was held to be an enforcible obligation which after maturity was indorsed as follows: "Renewed for an indefinite time at ten dollars interest per month, and the whole amount then to pay when both parties may agree."

The appellant contends that the complaint fails to allege a demand for delivery within a reasonable time, and fails to allege plaintiff's ability to pay, and, therefore, is fatally defective. We think there is no merit in this contention. A due demand by plaintiff for deliveries, and a refusal by defendant to make any deliveries after the first one, are necessarily implied in the allegations of the 5th, 6th and 7th paragraphs of the complaint, and in the 8th paragraph the allegation of plaintiff's due performance of condition precedent and of its readiness, willingness and ability to perform are quite sufficient.

The order appealed from is affirmed, with ten dollars costs and disbursements.

LAUGHLIN and SMITH, JJ., concurred; DOWLING and SCOTT, JJ., dissented.

DOWLING, J. (dissenting):

Under the written agreement between the plaintiff and defendant the option which the buyer (plaintiff herein) had was to determine whether it would take 6,000 or 12,000 tons a year for three years of either San Domingan or Cuban molasses. It had no option to determine the times of delivery. The provision in the contract upon this point is as follows: "The times of delivery are to be arranged from time to time between buyer and seller, who pledge themselves to mutual aid." There is a provision in the contract that "the molasses is to be delivered in cargoes of about 2,500 tons, but it is understood between seller and buyer that they are to help each other in this respect." The complaint does not allege that the terms of delivery ever were arranged between the parties nor does it set forth that any attempt was made to· reach such an arrangement. All it sets forth is:

"*Sixth.* Plaintiff elected to receive from the defendant 12,000 tons of either San Domingan or Cuban molasses during the year extending from the 1st day of July, 1914, to the 1st day of July, 1915, and so notified the defendant and demanded delivery of such molasses, but the defendant refused and wholly failed to make any deliveries of molasses except as aforesaid.

"*Seventh.* Plaintiff elected to receive 12,000 tons of either San Domingan or Cuban molasses under said contract, during the year extending from the 1st day of July, 1915, to the 1st day of July, 1916, and so notified defendant and demanded delivery thereof, but the defendant refuse [*sic*] and has wholly failed to make any deliveries of molasses whatsoever during said period."

There is no allegation that the defendant denied any aid to the plaintiff in arranging the times of delivery. There is no allegation that the defendant unreasonably refused to enter into any arrangement with the plaintiff as to the time of delivery or that the plaintiff sought to make any arrangement as to same with the defendant which the latter declined to

accept. There is no allegation when plaintiff demanded that deliveries should be made — in what quantities, in what manner, in what times or how soon before the expiration of the year therein referred to. In fact, plaintiff absolutely ignores the language of the agreement and treats the option which it was given to determine the quantity and quality of the molasses, as an option extending to the times of delivery as well. Plaintiff had no option to determine the times of delivery. The minds of the parties never met in any agreement as to the times of delivery, which the whole contract shows was an essential part thereof. That was a matter left open for future agreement, and such agreement must be reached by mutual consent or plaintiff might excuse the failure to reach such an agreement by the unreasonable and arbitrary refusal of the defendant to enter into any negotiations whatever upon the subject, or to reach a conclusion thereupon. In the absence of such allegations I do not believe that this complaint sets forth a good cause of action.

I, therefore, favor the reversal of the order denying the defendant's motion for judgment on the pleadings herein.

SCOTT, J., concurred.

Order affirmed, with ten dollars costs and disbursements.