Harry Staley, Defendant in Error, v. Taylor A. Snow et al., trading as Co-Operative Home Purchasing Society. Taylor A. Snow and George J. Haberer, Plaintiffs in Error.

Gen. No. 23,033.     (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN COURT-NEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Affirmed. Opinion filed January 31, 1918.

## Statement of the Case.

Action by Harry Staley, plaintiff, against Taylor A. Snow, George J. Haberer and Charles H. Commons, trading as the Co-Operative Home Purchasing Society, defendants, to recover for breach of a contract. To reverse a judgment for plaintiff, defendants Snow and Haberer prosecute this writ of error. The material parts of similar contracts are set out in *Harlow v. Snow*, 147 Ill. App. 369.

MATHER & HUTSON, for plaintiffs in error; CLAUDE R. CHURCH, of counsel.

WENTWORTH, CAVENDER & KAISER, for defendant in error; DAVID B. MALONEY, of counsel.

MR. JUSTICE MATCHETT delivered the opinion of the court.

## Abstract of the Decision.

1. CONTRACTS, § 4*—*when necessity of introduction of evidence to identify parties does not render contract oral one.* In an action against certain defendants, doing business as a society, to recover for breach of contract, the fact that the names of the defendants do not appear on the contract, and it is necessary to introduce evidence to identify them as the copartners who did business under

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the name of the society, does not constitute the contract an oral one.

2.   LIMITATION OF ACTIONS, § 11*—*what is test in determining whether ten or five-year statute applies as to contract.*   In ascertaining whether the ten or five-year Statute of Limitations is applicable in an action on a contract, the test is whether the contract sued on was in writing or oral, and if the promise is in fact, oral, it is immaterial that it arose in the first instance out of a written contract.

3.   LIMITATION OF ACTIONS, § 12*—*when contract oral and governed by five-year statute.*   An action to recover purchase money paid under a contract which contains no specific promise to return the purchase money, rests upon an implied promise which, being oral, is governed by the five-year limitation.

4.   APPEAL AND ERROR, § 1236*—*when not considered on appeal that damages were assessed on theory that action was for return of purchase money.*   Where the statement of claim does not clearly state the breach of contract relied on, but does not purport to be for the return of purchase money paid thereunder, and defendant does not seek a better statement and no propositions of law are submitted, and the damages assessed, though equivalent to the amount paid in by plaintiff, are also the amount which, prima facie, he was entitled to recover as damages for the breach, it will not be held on appeal that the damages were assessed on the theory that the action was for the return of the purchase money.