Charles Ball v. N. B. T. Roney.

150 So. 240.
Division A.
Opinion Filed October 3, 1933.

*Robert J. Boone,* for Plaintiff in Error;
*Loftin, Stokes & Calkins,* for Defendant in Error.

Terrell, J.—In August, 1925, plaintiff in error gave defendant in error his check for $9,800.00 to be credited as down payment on certain lands, contracted to be purchased by the former from the latter, located at Seminole Beach, Broward County, Florida. In August, 1931, Ball brought this action against Roney to recover the face of his check because Roney did not own the lands at the time he contracted to sell them to Ball and at no time thereafter has he acquired title to them that he could convey. The declaration declared on general and special assumpsit. The count on special assumpsit failed on demurrer. To the counts on general assumpsit defendant plead the general issue and the bar of the Statute of Limitations. Plaintiff entered his replication to said pleas, alleging that he was relying on

defendant's implied promise to return the face of the check in the event of failure to deliver title and that the action was not barred for the reason that the check and the endorsement thereon constituted a written obligation to meet the terms of the implied promise. The replication failed on demurrer, plaintiff declined to plead further, final judgment was entered for defendant, and that judgment is brought here for review on writ of error.

It is first contended that the court erred in its order sustaining the demurrer of defendant to the replications of the plaintiff raising the bar of the Statute of Limitations.

The pertinent part of Section 2939, Revised General Statutes of 1920, Section 4663, Compiled General Laws of 1927, being the Statute of Limitations invoked, is as follows:

"Actions other than those for the recovery of real property can *only* be commenced as follows:

1. "Within twenty years * * * an action upon any contract, obligation, or liability *founded upon an instrument of writing under seal.*

3. "Within five years * * * an action upon any contract, obligation, or liability *founded upon an instrument of writing not under seal.*

5. "Within three years—(5) an action upon a contract, obligation, or liability *not founded upon an instrument of writing* * * *."

From the foregoing it will be gleaned that the statute bars actions on contracts founded on sealed instruments after twenty years, actions on contracts founded on written instruments not under seal after five years, and actions on contracts not founded upon written instruments after three years.

The contract brought in question was to convey title on payment of an agreed consideration. There was no obli-

gation or agreement in writing or in parol to restore the consideration agreed on and paid in any event. There was of course an implied agreement on the part of the vendor to do this in the event of inability or failure to deliver title to the lands in compliance with his agreement. Under this state of facts the instant action is not one founded on a contract or an instrument of writing but is one founded on an implied agreement and is governed by the three-year Statute of Limitations as here quoted. Thomas v. Pacific Beach Co., 115 Cal. 136, 46 Pac. 899; Duncan v. Gisborn, 17 Utah 209, 53 Pac. 1044; Schaeffer v. Miller, 41 Mont. 417, 109 Pac. 970; Staley v. Snow, 209 Ill. App. 452.

Plaintiff in error also contends that inasmuch as Ball sued on the common counts it is immaterial whether his contract with Roney was parol, written under seal, or written and not under seal, because in general assumpsit the plaintiff must sue and recover on an implied contract or promise.

Under our law there are two phases of assumpsit, general and special. Our system of pleading requires that the former be declared on by common counts and the latter by special count or counts. The former is predicated on an implied contract while the latter is predicated on an express contract. Hazen v. Cobb-Vaughn Motor Co., 96 Fla. 151, 117 So. 853.

An implied contract may be established by parol or written evidence but it can never be in writing nor can it be the basis of an action in special assumpsit. An express contract may be introduced in evidence to prove either an express or an implied contract but the express contract cannot be the basis for both classes of actions.

The written contract to convey carries no provision to make restitution in the event of failure to do so and we see no theory under which the endorsement of the vendee's

check by the vendor and the taking of the proceeds thereof can be construed as doing this. Such being the case, there was no basis for the instant action other than an implied contract, action on which must be brought within three years. Failure to do this impels us to affirm the judgment below.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, BROWN and BUFORD, J. J., concur.