## GULF LIFE INSURANCE COMPANY v. HILLSBOROUGH COUNTY.

176 So. 72.
Division B.
Opinion Filed September 30, 1935.
On Rehearing July 31, 1937.

*Knight, Thompson & Turner, Bedell & Bedell, A. G. Turner* and *George C. Bedell,* for Appellant;

*John B. Sutton, H. C. Tillman* and *W. F. Himes,* for Appellee;

*Kay, Adams, Ragland & Kurz, Wm. E. Kay* and *Thos. B. Adams,* as *amici curiae.*

TERRELL, J.—This is a suit in equity to recover a balance due on certain certificates of indebtedness issued pursuant to Chapter 9316, Acts of 1923, Laws of Florida. The bill of complaint in substance alleges that in February, 1925, Hillsborough County entered into six contracts with J. W. Copeland to pave, grade, and curb designated roads, that said contracts were let to the lowest competitive bidder and the roads were completed and accepted by the County, that on October 27, 1925, the County issued to the contractor certificates of indebtedness dated September 28, 1925, in payment for the completion of said contracts, that said certificates of indebtedness were consecutively numbered, bore four installment coupons, and recited that they were issued pursuant to Chapter 9316, Laws of Florida, which declares them to be a lien superior in dignity to all

others except the lien for certain taxes on the lands described therein.

The bill further alleges that thereafter for a valuable consideration the contractor, J. W. Copeland, transferred and delivered to the plaintiff, appellant here who is now the owner and holder thereof, the identical certificates described in the bill of complaint, that subsequent to said transfer on August 2, 1933, the Supreme Court of Florida, in Hillsborough County, *et al.*, v. Temple Terrace Assets Co., 111 Fla. 368, 149 So. 473, adjudged the said Chapter 9316 to be invalid and not constitutionally enacted, that the Supreme Court of Florida did on November 30, 1923, in Moore v. Hillsborough County, 86 Fla. 514, 98 So. 505, refuse to hold said Act invalid, that appellant was not advised of the invalidity of said Act until the decision in Hillsborough County, *et al.*, v. Temple Terrace Assets Co., when there was then due on the principal and interest of said certificates the sum of $5784.84.

It is further alleged in the bill that the plaintiff is the owner and holder of said certificates and has succeeded to all the right and equity of the contractor in them arising for doing the work and furnishing the materials for which they were issued and that the work done and materials furnished by the contractor in pursuance of said six contracts were of the reasonable value of the aggregate sum of the principal and interest indicated in said certificates. It is also alleged that appellant did on May 4, 1934, prior to the institution of this suit, make demand on Hillsborough County to accept the surrender of said certificates or parts thereof and to pay appellant the balance due thereon with lawful interest.

The bill prays that defendant be required to accept the surrender of said certificates and pay to the plaintiff the sum of $5784.84, being the amount due thereon, with in-

terest from the date of said certificates, September 28, 1925, and for such other relief as equity may require. A motion to dismiss the bill was granted and this appeal is from that decree.

The main question with which we are confronted is whether or not Hillsborough County is liable for the payment of said certificates under the circumstances related and if it is, whether the plaintiff should have proceeded by a suit in equity or by an action at law to recover.

The Chancellor dismissed the bill of complaint but with leave to the plaintiff to amend or recast its pleadings with such amendments as it deems proper to make and to conform to the practice on the law side of the court. Such a decree in effect relegating the plaintiff to his remedy at law.

Appellant contends that it should be permitted to recover in equity because the assignment of the certificates of indebtedness in the manner described operated as an equitable assignment of the right of the contractor to recover the reasonable value of the work done and materials furnished in pursuance of the contract in satisfaction of which said certificates were issued. Appellee on the other hand denies liability on any theory whatever but contends that if liability does exist it must be determined by an action at law.

In support of its alleged right to recover in equity appellant relies on Parkersburg v. Brown, 106 U. S. 487, 1 Sup. Ct. 442, 27 L. Ed. 238; Chelsea Savings Bank v. City of Ironwood, 130 Fed. 410, 66 C. C. A. 230; Goldman v. Murray, 164 Cal. 419, 129 Pac. 462; Hosmer v. True, 19 Barb (N. Y. 106; R. M. Grant & Co. v. City of Lake Worth, Florida, 40 Fed. (2d) 579.

We have examined these cases and do not think they rule the case at bar. The dominant question in them was one primarily of equitable cognizance, the amount of the

claim being an incident to equitable relief. Such claims may be enforced in equity in this state but the claim in question does not fall in this class. It is a fact further that these cases arise in jurisdictions that know no distinction between common law and equity and were decided without reference to such distinction. In Florida they would have been brought on the equity side of the docket because of their equitable character.

The transfer of the certificates to appellant is shown to have no equitable significance whatever. When Chapter 9316, Acts of 1923, was decreed to be invalid the certificates and contract made in pursuance of it were also vitiated. The certificates being void on their face they could incur no hazard to the holder, neither had he any right under his contract. There was consequently no basis for cancelling either. In such a situation appellant had no recourse except a right of recovery on an implied contract for the value of the labor and material furnished or such part of it as is now being enjoyed by the county. Under our practice such a claim is one peculiarly of common law cognizance, being nothing more than a money demand for labor and materials furnished. Central Florida Lumber Co. v. Taylor-Moore Syndicate, 51 Fed. (2d) 1. See also 67 Fed. (2d) 439.

The rule of liability of the county under the facts as related in this case was defined in Harwell v. Hillsborough County, 111 Fla. 361, 149 So. 547, where we held:

"A majority of the court hold that under the authorities hereinafter cited where a county enters into a contract for work of a public character which it is fully authorized to pay for, and the contract has been executed and performed according to its terms and the county has acknowledged its indebtedness under the contract by issuing its certificates of indebtedness to pay for the work done and material

furnished, and is actually enjoying the fruits of the contractor's expenditures for labor and materials, which expenditures were made in good faith on the strength of the county's contract, that included an assumption of obligation to provide a means of payment according to the contract, after its actual execution, that recovery may be had against the county on a *quantum meruit* basis for the value of the work done and materials furnished to and accepted by the county under such circumstances, where the county finds that it is unable to deliver valid certificates to pay for the work done under the express contract."

The order of the Chancellor was correct. The declaration must show that the roads in question were public roads of the County and that the County is now enjoying the fruits of the labor and materials furnished by the contractor to improve them. The declaration must also allege that the County is fully authorized to pay for the work and materials. The law has no reference to money, labor, or material wasted, misappropriated, or applied to roads not of a public nature.

It is immaterial that the certificates in question were assigned to appellant. When purchased for value and in good faith it becomes the real party at interest and entitled to maintain the action. Section 2561, Revised General Statutes of 1920, Section 4201, Compiled General Laws of 1927.

We have examined the brief of appellees, also able and exhaustive briefs by eminent counsel as *amicus curiae* but we do not think the authorities there cited are decisive of this case. This is not a case where a debt limit or an organic inhibition on the County is involved. It is a case where County officers acted pursuant to a statute subsequently held to be invalid. The law affords protection to those relying on such statutes. Forster v. Esch, 113 Fla. 377, 152 So. 444; Harwell v. Hillsborough County, *supra.*

But appellee contends that even though appellant has a right of action against Hillsborough County it is now barred by Paragraph 5 of Section 2939, Revised General Statutes of 1920, Section 4663, Compiled General Laws of 1927, which provides that an action upon a contract, obligation, or liability not founded upon an instrument of writing shall be commenced within three years. As against such contention of appellee, appellant contends that its right of action is grounded on an instrument under seal and is protected by Paragraph 1 of the last recited Act which provides that action on such instruments may be brought within twenty years.

The instrument that appellant is forced to rely on is an implied contract which cannot be in writing or under seal. In order that a contract be founded upon a written instrument the instrument must contain a contract to do the thing for the nonperformance of which the action is brought. The mere fact that it is remotely or indirectly connected with it or would be a link in the chain of evidence to prove the cause of action is not sufficient. Ball v. Roney, 112 Fla. 186, 150 So. 240; Thomas v. Pacific Beach Co., 115 Cal. 136, 46 Pac. 899; 19 A. & E. Encycl. of Law 272.

It follows that the twenty-year statute of limitations has no application to this cause. Our view is that being founded on an implied contract which is not in writing it is controlled by the three-year statute of limitations. We think, however, that the statute did not commence to run until August 2, 1933, the date of the decision of this Court in Hillsborough County, et al., v. Temple Terrace Assets Co. et al., holding the said Act invalid. Up to this date it was presumed to be valid and the parties proceeded under it as if it were valid. Nuveen & Co. v. City of Quincy, 115 Fla. 510, 156 So. 153.

The bill of complaint was filed herein June 7, 1934, so

it is not barred by the applicable statute of limitations. Other questions raised herein have been discussed and answered in C. E. Webb, and J. L. Cone and W. L. Cone, Co-partners as Cone Brothers, for the Use and Benefit of C. E. Webb v. Hillsborough County, a Political Subdivision of the State of Florida, filed this date, and are disposed of on authority of that case.

The judgment below is accordingly reversed without prejudice to appellant to reform or recast its pleadings so that the issues may be made up and the cause proceed to judgment consistent with the views as expressed in this opinion.

Reversed.

WHITFIELD, C. J., and BUFORD and DAVIS, J. J., concur.

BROWN, J., dissents.

### ON PETITION FOR REHEARING

TERRELL, J.—The petition for rehearing in this cause has been examined including the arguments and briefs of Counsel which are found to be in substantial accord with that filed in C. E. Webb, *et al.*, v. Hillsborough County, reviewed and disposed of this date.

Our former judgment herein is accordingly affirmed on authority of the last cited case.

Affirmed.

ELLIS, C. J., and BUFORD and CHAPMAN, J. J., concur.

BROWN, J., dissents.