Thomas J. MEEHAN, Receiver of Rhode
Island Insurance Company, Appellant,

v.

GRIMALDI & GRIMALDI, Inc.,
Appellee.

No. 16137.

United States Court of Appeals
Fifth Circuit.

Feb. 8, 1957.

James E. Thompson, Tampa, Fla., Fowler, White, Gillen, Yancey and Humkey, Tampa, Fla., of counsel, for appellant.

B. L. Cooper, Tampa, Fla., Cooper & Cooper, Tampa, Fla., of counsel, for appellee.

Before RIVES, TUTTLE and BROWN, Circuit Judges.

TUTTLE, Circuit Judge.

Appellant here complains of an order of the district court dismissing his action for commissions due to the Rhode Island Insurance Company for insurance premiums collected and not remitted on the ground that the action was barred by laches, in light of the Florida three-year statute of limitations. The correctness of this judgment turns on the answer to the question whether the obligation to make the payments arose from the written agency contract or was merely an action for money had and received.

The agency contract had been executed in 1937.[1] In substance it authorized Grimaldi to solicit insurance business on

---

1. Inasmuch as we base our decision on a construction of the written contract we reproduced it here in major part, omitting only the preliminary recitation:

"Witnesseth That:

"Pursuant to request that the underwriting facilities of the Company be made available to the undersigned, as Agent, the Company hereby grants authority to Agent to receive and accept proposals for such contracts of insurance covering risks on properties covered under authorizations or instructions issued or which may be issued by this Com-

behalf of the Rhode Island Insurance Company under such instructions as might be issued by the Company from time to time; it provided that Grimaldi should collect the premiums as fixed by the Company and remit them to the Company, retaining therefrom, as compensation, commissions at a rate to be subsequently agreed upon; it provided that monthly reports of business must be made by Grimaldi by the 20th of the following month, showing amounts of premiums collected, and that payment of the net due the Company should be made within 60 days from the end of the month for which the business was reported.

The complaint alleged that for the month of January, 1950, Grimaldi had filed its report on February 14th, showing the sum of $3,412.12 to be due not later than April 2, 1950. It further alleged that between January 31 and October 16, Grimaldi became indebted to the Company for premiums collected but not reported or remitted. Other allegations show that subsequent to the receivership of the Company which supervened during 1950, Grimaldi represented falsely to appellant that the sum of $3,412.12 had been paid by check to the Company and that appellant had given a tentative release of all claims (in exchange for a

pany as the Company has authority lawfully to make; subject, however, to restrictions placed upon such Agent by the laws of the state or states in which such Agent is authorized to write insurance business and to the terms and conditions hereinafter set out.

"It Is Hereby Agreed between the Company and the Agent as follows:

"(1) Agent has full power and authorty to receive and accept proposals for insurance covering such classes of risks as the Company may, from time to time, authorize to be insured; to collect, receive and receipt for premiums on insurance tendered by the Agent to and accepted by the Company and to retain out of premiums so collected, as full compensation on business so placed with the Company, commissions at the following rates, viz.: *As may from time to time be mutually agreed upon.* (Emphasis added.)

"(2) In the event of termination of this Agreement, the Agent having promptly accounted for and paid over premiums for which he may be liable, the Agent's records, use and control of expirations shall remain the property of the Agent and be left in his undisputed possession; otherwise the records, use and control of expirations shall be vested in the Company.

"It is a condition of this Agreement that the Agent shall refund ratably to the Company, on business heretofore or hereafter written, commissions on cancelled liability and on reductions in premiums at the same rate at which such commissions were originally retained.

. "(3) Accounts of money due the Company on the business placed by the Agent with the Company are to be rendered monthly so as to reach the Company's office not later than the twentieth

day of the following month; the balance therein shown to be due the Company shall be paid not later than sixty days after the end of the month for which the account is rendered.

"(4) Company shall not be responsible for Agency expenses such as rentals, transportation facilities, clerk hire, solicitors' fees, postage, advertising, exchange, personal local license fees, adjustment by the Agent of losses under policies issued by the Agent, or any other Agency expenses whatsoever.

"(5) Any policy forms, maps, map corrections and other like Company supplies furnished to the Agent by the Company shall always remain the property of the Company and shall be returned to the Company or its representatives promptly upon demand.

"(6) This Agreement supersedes all previous agreements, whether oral or written, between the Company and Agent and may be terminated by either party at any time upon written notice to the other.

In Witness Whereof the Company has caused its corporate name to be subscribed hereto and the Agent has set * * * hand and seal on the day and year first above written.

"Rhode Island Insurance Company
    "By    Byron J. Watson
        "(President)
"Attest:
"Robert A. Weigel
  "(Secretary)
      "Grimaldi & Grimaldi   (Seal)
        "(Agent)
     "By   A. J. Grimaldi
        "V.P.
"Attest:
"R. E. Grimaldi
 "Secretary."

check for $472.96) which he now seeks to have cancelled. The relief prayed for was that an accounting should be ordered by the court in order to ascertain the amount due under the contract and for judgment for such amount.

We need not go into these allegations of fraud, since it is virtually conceded by the parties that if the agency contract is valid and creates a binding obligation on the part of Grimaldi to make the payments then the trial court erred in dismissing the suit because of laches. In argument before the court appellee's counsel conceded that if the agency contract is a valid and binding agreement it is to be treated as against Grimaldi as a sealed instrument, suit on which may be brought within twenty years.

We have no hesitancy in concluding that this agency agreement is a valid and complete contract between the parties to the extent that it (1) authorized the appellee to solicit insurance business on behalf of the Company, (2) to deliver policies, (3) collect premiums, and (4) retain the Company's money for a period of 60 days after the policies are issued; that it further (a) required Grimaldi to report the business done monthly and (b) remit payment therefor within 60 days after deducting its commissions.

It cannot be open to question that two parties can by written contract make such a mutually advantageous agreement. The fact that it is not known in advance how much the commission will be or how it will be computed in nowise prevents the parties from saying that if Grimaldi will report and remit within 60 days the premiums less whatever part thereof they agree from time to time shall constitute the commission, the Company will let Grimaldi sell its policies and collect premiums for them and use the 60 day credit for the benefit of its insurance business.

We think that until cancelled each party was bound by those provisions which were definite and certain and needed no reference to outside matter. Where there is an affirmative obligation expressed in a writing to do the act for the non-performance of which an action is brought and the writing is signed by the party to be charged and there is consideration for the promise, there is a contractual obligation in writing even though other terms of the agreement may be vague or indefinite. Cf. Gulf Life Ins. Co. v. Hillsborough County, 129 Fla. 98, 176 So. 72, and see McGill v. Cockrell, 88 Fla. 54, 101 So. 199.

In the Gulf Life Insurance Company case the Florida Supreme Court held that an action purportedly brought on county warrants which were subsequently held to be invalid was not a suit on a written contract, but was an action for money had and received. This was because the written evidence of the obligation became a nullity when declared to be illegally issued. However, the court there said: "In order that a contract be founded upon a written instrument, the instrument must contain a contract to do the thing for the nonperformance of which the action is brought." 176 So. at 75. The agreement here sued on satisfies that requirement.

In the McGill case the court found that a letter of employment of a lawyer that made no mention of the amount of fees to be paid could nevertheless be the basis of an action for recovery of fees rather than requiring such action to be based on quantum meruit. No Florida cases are cited by appellee that indicate that the Florida Supreme Court would not follow the principles mentioned in these cases.

This is not a case in which a party to such an agency contract is suing for a vindication of his right to sell the policies and deduct commissions as his compensation. In such a case, since no measure of the commission was included in the contract, it may have lacked an essential element to justify such an action. Here, however, there is a suit for payment of sums admittedly collected by Grimaldi under the terms of a contract that provide that *whatever* sums were collected should be remitted within 60 days less *whatever* commissions would be

deductible by agreement between the parties. Since the complaint alleges premiums were collected and that the parties had agreed on the amount of commissions the agreement to pay came into play and is enforceable according to its terms. The claim here was on the written contract, under seal, and was thus not barred by the shorter statute of limitations or by laches.

The judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.