127 So.2d 130 (1961)
Gloria De Haven FINCHER, a/k/a Gloria De Haven, Appellant,
v.
BELK-SAWYER COMPANY, a Florida corporation, Appellee.
No. 59-638.
District Court of Appeal of Florida. Third District.
February 27, 1961.
*131 Matthews & Quinton and Jack M. Bernard, Miami, for appellant.
Graham Miller and George H. Henry, Miami, for appellee.
HORTON, Chief Judge.
Appellant, as the plaintiff below, brought suit against the appellee to recover damages for an alleged breach of a written contract. A final judgment in favor of the defendant was entered after the trial judge directed a verdict pursuant to the defendant's motion.
The basis of the defendant's motion for directed verdict was that the so-called contract was not a contract, but an agreement to agree; that it was so vague and indefinite as to not be susceptible of enforcement and that the plaintiff had done nothing to mitigate damages.
The agreement, which was attached to and made a part of the complaint, provided for the employment of the plaintiff to supervise and direct defendant's respective fashion departments, shopping services and beauty salon, and specified her duties as fashion coordinator of the defendant's stores; she was to schedule and supervise fashion shows in connection therewith. Plaintiff granted to defendant the exclusive right within the State of Florida to distribute the Gloria De Haven line of cosmetics and women's wear, the plaintiff having complete authority as to all fashions pertaining to these lines. Plaintiff was to act as a consultant in an advisory capacity in conjunction with the fashion purchasing department in regard to all defendant's other line of women's wear and accessories. The defendant was to establish a beauty consulting service in conjunction with its beauty salon and establish a shopping service at a time mutually agreed.
Plaintiff further agreed to make various personal appearances in connection with the promotion of the above described departments. The agreement further provided for the use by the defendant of plaintiff's name in connection with merchandise and merchandising activities.
As compensation, the defendant agreed to pay plaintiff $200 per week, five per cent of all gross sales of all merchandise sold bearing plaintiff's name, and additional compensation, based upon the gross sales of the aforementioned departments, was left open for further negotiation.
By the terms of the agreement, employment was to begin on the 15th day of June, 1957, and end on the 15th day of January, 1958. The defendant made the agreed salary payments until the middle of August, 1957, and terminated the contract by letter dated October 9, 1957.
The appellee urges that the contract is so indefinite as to render it unenforceable. More specifically, it argues that the integral part of the agreement in question is so indefinite and uncertain as to constitute nothing more than an invalid and unenforceable agreement.
As stated in Truly Nolen, Inc. v. Atlas Moving & Storage Warehouse, Inc., Fla.App. 1961, 125 So.2d 903, 905:
"The rule is generally recognized that for the parties to have a contract, there must be reciprocal assent to certain and definite propositions. Webster Lumber Co. v. Lincoln, 94 Fla. 1097, 115 So. 498. It is apparent that if a purported agreement is so vague and so uncertain in the specifications of the subject matter that the court cannot identify that subject matter or determine its quality, quantity or price, it will be unenforceable. This is true because the courts cannot make a contract for the parties. See Rocklin v. Eanet, 200 Md. 351, 89 A.2d 572, and cases cited therein. This same principle *132 is expressed in Williston on Contracts, Third Edition, Section 45, where the following language is used:
"`§ 45. Offers Where Something is Reserved for Future Determination. Although a promise may be sufficiently definite when it contains an option given to the promissor or promissee, yet if an essential element is reserved for the future agreement of both parties, the promise can give rise to no legal obligation until such future agreement. Since either party by the very terms of the promise may refuse to agree to anything to which the other party will agree, it is impossible for the law to affix any obligation to such a promise.'"
However, in 1 Corbin, Contracts, § 29, that authority points out that "two persons may fully agree upon the terms of a contract, knowing that there are other matters on which they have not agreed and on which they expect further negotiation. Such an expectation does not prevent the agreement already made from being an enforceable contract. This may be true even though they expressly provide in their agreement that the new matters, when agreed upon, shall be incorporated into a written lease or other formal document along with the contract already made." See 1 Williston, Contracts, 3d ed., § 48.
Clearly where the matters left for future agreement are unessential, the remainder of the contract may be enforced. Goldsmith v. Sachs, C.C.Cal., 17 F. 726; City of Los Angeles v. Superior Court, 51 Cal.2d 423, 333 P.2d 745; Wilson v. Wilson, 96 Cal. App.2d 589, 216 P.2d 104; Spiritusfabriek Astra of Amsterdam, Holland v. Sugar Products Co., 176 App.Div. 829, 163 N.Y.S. 516.
Accordingly we must determine whether the indefinite promises were so essential to the contract that the inability to enforce them would make unfair the enforcement of the remainder of the contract.
The contract leaves to the future agreement of the parties the establishment by the defendant of a beauty consulting service, shopping service and the amount of additional compensation based upon the gross sales of the defendant's fashion department, beauty consulting service and shopping service. In addition, personal appearances by the plaintiff were to be mutually agreed upon and were not to interfere with any of her outside commitments.
We conclude that these provisions left for future agreement do not render the remaining promises, which are definite and certain, unenforceable. See Meehan v. Grimaldi & Grimaldi, Inc., 5 Cir., 240 F.2d 775.
Accordingly, the judgment appealed is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
PEARSON and CARROLL, CHAS., JJ., concur.