## REA v. OUTBOARD MARINE CORPORATION, et al.
No. 10738.

Circuit Court, Leon County.

July 13, 1965.

J. Ben Watkins, Truett & Watkins, Tallahassee, for plaintiff.

H. O. Pemberton of Keen, O'Kelley & Spitz, Tallahassee, for defendant Outboard Marine Corporation.

M. D. Lamb of Horne, Rhodes & Lamb, Tallahassee, for defendant trustees of Electric Golfers, Inc.

GUYTE P. McCORD, Jr., Circuit Judge.

*Partial summary judgment:* This cause came on for hearing on defendants' motions for summary judgment in their favor. This is a suit brought by plaintiff (the owner of an electric golf cart rented to third persons who were allegedly injured when a brake cable broke while operating same) against defendants (the manufacturer of said cart and the dealer who sold the cart to plaintiff owner) to recover from defendants monies allegedly paid by plaintiff's insurance carrier to third persons allegedly injured because of defects in the cart.

As to count one of the complaint, the first question before the court is whether or not the statute of limitations has run. This count is one for alleged breach of implied warranty of fitness resulting in personal injuries to third persons. Such an action is one upon contract not in writing for which the statute of limitations is three years, §95.11(5)(e), Florida Statutes. Plaintiff cites authority from other jurisdictions holding that where there is a statute of limitations which provides a specific limitation period for personal injury actions and another specific limitation period for actions on contract, the period of limitation for personal injury actions controls when the suit is one for personal injury for breach of warranty. See Annotation 37 ALR 2d 703. Plaintiff also calls attention to other foreign jurisdictions which hold to the contrary, but they appear to be slightly in the minority. Our Florida statutes do not contain a specific statute of limitations for "personal injury" actions. Thus, there is no ambiguity in Florida statutes on this point. Our statute specifies the particular limitation for actions on contract, obligation or liability not in writing, as aforesaid — but actions for negligence resulting in personal injury fall into a catch-all provision which fixes the limitation at four years for "any action for relief not specifically provided for in this chapter." (§95.11(4), F.S.). See Warner v. Ware, 136 Fla. 466; 182 So. 605.

Next it must be determined when the three year statute of limitation started to run as to count one. Said statute began to run when the act or event occurred which gave the right of action, though all the damages therefrom may not have fully accrued or materialized until a later date. See City of Miami v. Brooks, Fla., 70 So.2d 306; Urie v. Thompson, 337 U.S. 163, 69 S. Ct. 1018, 1024; 93 L.Ed. 1282; 11 ALR 2d 252; Annotation 75 ALR

1086. Thus, the statute as to count one began running on November 15, 1959, the date the brake cable of the cart allegedly broke causing injury to third persons. Plaintiff sustained some damage at that time, if no more than the loss of the broken brake cable, though the full amount of his damage did not accrue until he paid damages to the injured third persons. The complaint herein was filed on November 15, 1963 — four years after the act or event occurred which gave the plaintiff the right of action. Count one is therefore barred by the statute of limitations.

Turning next to count two, plaintiff's theory is that said count is one in negligence and that the four year statute, therefore, applies. Defendants, on the other hand, contend that this count is one for indemnity brought by one tort-feasor against another alleged joint tort-feasor, which is independent of the tort itself; that the three year statute applicable to contract, obligation or liability not founded upon an instrument of writing is the applicable limitation statute. It is the court's view that defendants' contention is correct. The right of action under count two is based upon implied contract. See Winn-Dixie Stores, Inc. v. Fellows, Fla., 153 So.2d 45. Actions based upon implied contract are governed by the three year statute of limitations. See Ball v. Roney, 112 Fla. 186, 150 So. 240; Gulf Life Insurance Co. v. Hillsborough County, 129 Fla. 98, 176 So. 72. The statute began to run as to this count for indemnity when plaintiff paid the money to injured third persons, which he seeks here to recover, as that is the time when this alleged cause of action for indemnity accrued. The statute does not begin to run against a party's claim until the cause of action accrues in his behalf. Bourne v. State Bank of Orlando and Trust Company, 106 Fla. 46, 142 So. 810. It was agreed by counsel for the respective parties at the hearing on this motion that plaintiff paid the claim of one of the alleged injured persons in July of 1960, more than three years prior to the filing of the complaint. Said claim is therefore barred. It was further agreed by counsel that plaintiff paid the claim of another alleged injured person in February of 1961. Said latter claim is within the three year limitation period and is therefore not barred.

Relying upon Winn-Dixie Stores, Inc. v. Fellows, supra, defendants further contend that the pleadings and admissions on file affirmatively show that plaintiff was an active rather than a passive tort-feasor and that therefore his action against alleged joint tort-feasors will not lie. It does not appear, however, that plaintiff had knowledge of any alleged negligent construction of the particular cart here involved.

In view of the foregoing, the motions for summary judgment are granted as to count one, but are denied as to count two.