204

## ANSIN v. LAWYER'S TITLE GUARANTY FUND, et al.
### No. 3243-L.
Circuit Court, St. Lucie County.
June 7, 1966.

Levy & Levy, West Palm Beach, for plaintiff.

Fee, Parker & Neill, Fort Pierce, for the Lawyers' Title Guaranty Fund.

Jones, Adams, Paine & Foster, West Palm Beach, for the individual defendants.

C. PFEIFFER TROWBRIDGE, Circuit Judge.

This cause came on to be heard before me on May 26, 1966, upon the motion for summary judgment filed herein by the individual defendants; and the court having heard the argument of counsel and considered the memorandum in support of the motion, it appears that —

This is a suit by the beneficiary of a policy of title insurance issued by Lawyers' Title Guaranty Fund. The policy was issued on Fund Form 1, which is a combination "Opinion and Title Guaranty (Owner)." On page one of the policy an opinion of title is printed which bears the signature of the law firm of "Mitchell, Smith & Mitchell, by Charles E. Smith," and following this signature the word "SEAL" is enclosed in parentheses. Beneath this opinion is the guaranty of title issued by the fund.

Count two of the amended complaint alleges that the defendant law firm was employed by the plaintiff to examine title to the property for which the opinion and policy were subsequently given. The amended complaint continues that the opinion did not reveal the true condition of the title to the property in that it failed to reveal that there was an interest in the title to a portion of the land held other than by the seller. The plaintiff herein, relying upon the opinion, purchased the subject property and suffered damage thereby. A copy of the opinion and title policy is attached to the complaint and shows that it was executed with an effective date of February 12, 1957, at 8:46 A.M. The responses to requests for admissions filed herein show that the original contract of employment between the plaintiff and the defendants was not an instrument of writing under seal and that the plaintiff became aware of the alleged breach of contract prior to February 15, 1960.

The motion for summary judgment filed by the individual defendants is based upon the statute of limitations in view of the fact that the suit herein was not filed until January 6, 1966. A determination of whether this action is so barred requires the preliminary determination of which provision of the statute of limitations, §95.11, is applicable. This requires a consideration of whether the action is one brought for breach of the contract of employment, for the tort of negligence, or whether the opinion itself is a contract under seal.

It is clear from the responses to request for admissions, together with the affidavit of Charles E. Smith, that the contract of employment was not under seal and was completed prior to January 1,

1958. Accordingly, isofar as count two alleges a breach of the contract of employment, there is no genuine issue of material fact but that the action is barred by the provisions of sub-section five of the statute of limitations, which requires that any action upon a contract not founded upon an instrument of writing be brought within three years. Even if there were any written evidence of the employment contract, which the record does not disclose, the action would still be barred by the five year limitation of sub-section three, pertaining to an action upon any contract founded upon an instrument of writing not under seal.

If the cause of action in count two is presumed to be one for the tort of negligence, it appears that there is no genuine issue of material fact but that the cause of action is barred by sub-section four of the statute of limitations, which requires any such action to be brought within four years. Even if the law were that the cause of action would not arise until the plaintiff became aware of the basis for it, the response to the request for admissions shows that plaintiff became aware of the alleged breach of contract prior to February 15, 1960, which is more than four years before the suit was filed.

Plaintiff maintains that the action is one upon the opinion which is under seal, and thus plaintiff argues, is governed by the twenty year provision set forth in sub-section one of the statute of limitations. Such an argument requires a determination that this is "an action upon any contract, obligation or liability founded upon an instrument of writing under seal." While it is true that the opinion is under seal, it is also true that the opinion is not a "contract." The opinion is not a bilateral contract in that there are no expressions of mutual promise nor is it a unilateral contract in that there is no promise conditioned upon an act. It is not an "obligation", such as a note, as there is no promise of any kind in the opinion. It is merely a representation. As such, the representation is not a "liability." Although it may be the final act of a negligent undertaking out of which a cause of action in tort may arise, the opinion itself is not the tort.

The word "SEAL" in parentheses following the signature of the member of the law firm may be considered either as surplusage or may merely be another form of that signature. Placing a seal upon a piece of writing is not sufficient to make the writing a contract without more. For example, placing the word "SEAL" after the signature on a libelous letter would not convert the letter into a contract and extend the statute of limitations for libel from two to twenty years.

In Gulf Life Insurance Co. v. Hillsborough County, 176 So. 72 (1937), and Swanson v. Bennett, 25 So.2d 207 (1946), the

Supreme Court of Florida held that the twenty year period of limitations is not applicable merely because a writing under seal is involved in the transaction, but that it is necessary that the cause of action itself be contained in the writing under seal. To construe the opinion of title in this case as the embodiment of a cause of action, not in contract but in tort, would be to invent a new creature of the law, "a sealed tort." This does not appear to have been the purpose of the legislature particularly in view of the fact that the normal construction of "liability" when it follows "contract or obligation" would be with reference to a cause of action ex contractu instead of ex delicto.

For the foregoing reasons it appears that there is no genuine issue of material fact and that the individual defendants herein are entitled to a summary judgment. Accordingly, it is ordered and adjudged that the motion of the individual defendants herein for summary judgment upon count two of the complaint be and the same is hereby granted.