### MORGAN v. GREESON.
No. 178554.

Small Claims Court, Dade County.

February 17, 1968.

Arthur J. Berk, Miami Beach, for plaintiff.

Palermo & Connelly, Miami, for defendant.

SIDNEY L. SEGALL, Judge.

Final judgment is rendered in favor of the defendant. The problem presented has received careful study and consideration after exhaustive research. The following material facts are established by the evidence —

Plaintiff made a deposit of $500 by check, dated June 24, 1964 (plaintiff's exhibit 3) to defendant on account of the agreed purchase price of a condominium. A few months thereafter, as shown by correspondence between the parties (plaintiff's composite exhibit 1) there was a mutual rescission of the contract of sale and purchase. Subsequently, defendant, as owner, agreed to lease to defendant, as lessee, the same condominium for a period of one year at a rental of $225 per month. The lease acknowledged receipt of a deposit of $450 as rental for the first and last month of the lease. The rental deposit ($450) was in addition to the aforementioned purchase deposit ($500).

Plaintiff filed this action on the 30th day of October, 1967, for recovery of the purchase deposit paid to defendant on the 24th day of June, 1964.

The issue to be determined is whether plaintiff's cause of action has been barred by the three year statute of limitations, F.S.95.11 (5e), or whether the five year statute, F.S.95.11(3), is applicable under the facts of the case. F.S.95.11(5e) applies to an action upon a contract, obligation or liability not founded upon an instrument of writing. F.S.95.11(3) applies to any contract, obligation or liability founded upon an instrument of writing not under seal.

The question here is governed by the decision in Ball v. Roney

(Fla. 1933), 150 So. 240, which is analogous in principle, and, therefore, controlling. In *Roney* there was a written contract to convey title to certain lands for an agreed consideration. Plaintiff gave defendant his check for $9,800 to be credited as a down payment. Plaintiff sued to recover the amount of the check because defendant was not the owner of the property and could not convey title thereto. Defendant pleaded the three year statute of limitations in bar of plaintiff's action. Plaintiff contended that the check and the endorsement thereon, constituted a written obligation to comply with the terms of an implied promise to return the face of the check. As in the case at bar, there was no obligation or agreement, written or oral, to return the purchase deposit in any event. The Supreme Court of Florida (Justice Terrell) said (p. 241) —

> "There was, of couse, an implied agreement on the part of the vendor to do this in the event of inability or failure to deliver title to the lands in compliance with his agreement. Under this state of facts the instant action is not one founded on a contract or an instrument of writing, but is one founded on an implied agreement and is governed by the three-year statute of limitations as here quoted." (citing authorities)

The court further stated (p. 241) —

> "The written contract to convey carries no provision to make restitution in the event of failure to do so, and we see no theory, under which the endorsement of the vendee's check by the vendor and taking the proceeds thereof can be construed as doing this. Such being the case, there was no basis for the instant action other than on an implied contract, action on which must be brought within three years. Failure to do this impels us to affirm the judgment below."

See also: Gulf Life Insurance Company v. Hillsborough, 176 So. p. 72, 75; and Edgerly v. Schuyler, 113 So.2d 737, 742, citing with approval Ball v. Roney, supra.

On the basis of the foregoing authorities plaintiff's cause of action is barred by the three year statute of limitations, F.S.95.11 (5e).