PEARSON, Judge
(dissenting).
I would hold that the property settlement agreement is not sufficient to nullify *100 the appellant’s ownership of the savings bonds. Therefore, I respectfully dissent.
At the time of the death of Leon Garvey the five one-thousand dollar United States Savings Bonds registered “Leon Garvey or Mrs. Anne Garvey” and the thirty-four bonds registered “Leon Garvey P.O.D. [payable on death] Mrs. Anne Garvey” became the property of Mrs. Anne Garvey unless a judicial act had changed the legal status of the bonds. The question then is whether the property settlement agreement, which was part of the final divorce decree, destroyed Mrs. Garvey’s interest in the bonds.
The agreement does not specifically refer to the bonds. The trial court held that the parties must have intended to include the bonds in the agreement. The holding of the majority that the property settlement agreement was broad enough to include and settle the respective interests of the parties in the savings bonds appears to adopt this view.
Perhaps the parties did intend to include the bonds, in the agreement; but perhaps they did not so intend. In my view no provision in the agreement is broad enough to nullify Mrs. Garvey’s ownership of the bonds. Therefore, as a matter of law, it did not nullify her ownership. The trial court found an intent and made a contract for the parties.
The court cannot make a contract for the parties. Truly Nolen, Inc. v. Atlas Moving & Storage Warehouses, Inc., Fla. App.1961, 125 So.2d 903, certiorari discharged, Atlas Moving & Storage Warehouses, Inc. v. Truly Nolen, Inc., Fla. 1962, 137 So.2d 568; Fincher v. Belk-Sawyer Company, Fla.App.1961, 127 So.2d 130. This rule would seem to be especially applicable when the written provisions of the agreement and the surrounding circumstances are clearly susceptible to interpretations different from the one imposed by the trial court. No provision of the written instrument and no circumstance in the surrounding factual situation is inconsistent with the following possibilities: (1) the parties may have forgotten the bonds; (2) the parties may have intended the bonds to remain the property of Mr. Garvey until the time of his death and then become the property of Mrs. Garvey if she survived him; or (3) Mr. Garvey may have intended to hold the bonds for Mrs. Garvey, since he held them without changing their registration when he must have known the legal effect of the existent registration.
I would reverse the judgment.