## CASSEL v BEATTIE, etc.

### Case No. 88-18520 CA 14

Eleventh Judicial Circuit, Dade County

July 19, 1988

**APPEARANCES OF COUNSEL**

**Jeffrey C. Roth** for plaintiff.

**M. Ross Shulmister** for defendants.

## OPINION OF THE COURT

RICHARD YALE FEDER, Circuit Judge.

### *FINAL JUDGMENT*

The within matter involves a suit to collect unpaid legal fees and costs arising out of an oral contract of representation. There having been no denial of the Requests to Admit submitted by the Plaintiff, there is no dispute that there was an oral contract, nor is the amount denied. The only defense raised by the Defendant's Motion for Judgment on The Pleadings is, to paraphrase Samuel Goldwyn, "an oral contract isn't worth the paper it's not printed upon after four years".

The pleadings do not revea the date of the oral contract, but the

exhibits of invoices attached to the complaint show that it must have predated June 25, 1982 (see April 1, 1983 invoice with legend: "Balance due on Invoice No 1244 for legal services rendered June 25, 1982 through September 14, 1982"). The suit was filed May 2, 1988, more than four years after the several invoices, the last of which was December 23, 1983.

The only question is whether the written invoices constitute a "written instrument" justifying application of the five year statute of limitations F. S. 95.11.

Counsel have not directed the Court's attention to any reported cases dealing with the precise issue of whether an invoice for services rendered pursuant to an oral contract is a sufficient "written instrument" to remove the case from the four-year statute. As stated by the Supreme Court in *Gulf Life Ins. Co. v. Hillsborough County,* 176 So. 72, 75 (1937):

"In applying the statute of limitations, where the evidence of liability relied on is partly set forth in writings in the form of letters and the like, but the writings are incomplete in themselves, or are otherwise so indefinite as to necessitate and make unavoidable plaintiff's resort to oral testimony to make complete the showing of any legal liability incurred by the defendant, under the terms of the transaction of which the writings are made a part, such agreement, regarded as an oral contract, the liability arising under which is not founded upon an instrument in writing, and the action to recover thereon must therefore be held to be barred by the statute of limitations unless shown to have been brought within three years, as required by [the then existing statute of limitations on oral contracts]." *Johnson v. Harrison Hardware & Furniture Co.,* 160 So. 878, 879 (Fla. 1935)

The Court has considered, and rejected, the applicability of the Uniform Commercial Code since it deals with "sales" and "merchandise".

*Gulf Life, supra* does contain the following language which is helpful:

"The mere fact that it [the written letter] is remotely or indirectly connected with it or would be a link in the chain of evidence to prove the cause of action is not sufficient. Ball v. Roney, 112 Fla. 186, 150 So 240; Thomas v. Pacific Beach Co., 115 Cal 136, 46 p. 899; 19 A&E Ency of Law 272." Id, 75.

The invoices are not the contract, but are merely a link in the chain of evidence to establish the amount due.

89

Therefore, the Court feels it has no choice but to grant the Defendant's Motion for Judgment on the Pleadings based on the four year statute of Limitations for oral contracts.

Therefore, Judgment be and the same is hereby entered in favor of the Defendant and against the Plaintiff and each party shall go hence without day.

The Court reserves jurisdiction for determination of costs.

Done and Ordered in Chambers at Miami, Dade County, Florida, this 19th day of July, 1988.