SCHULZ, GEORGE E., Associate Judge.
The defendant-insurer (appellant herein) appeals a final judgment based on a jury verdict in an action by the plaintiff-agent (appellee herein) to recover monies paid by the appellee to policyholders subsequent to their policies being cancelled by the appellant (insurer); said sums representing *200 unearned premiums. The following points presented on appeal urged the insufficiency ■of the evidence to support the verdict in that:
1. The appellee’s (agent’s) claim was harred by the three-year statute of limitations.
2. The claim alleged in the appellee’s (agent’s) complaint was abandoned, and over appellant’s (insurer’s) objections, ap-pellee was permitted to recover upon a different claim than the one alleged.
3. Appellee failed to prove the unearned amount of premiums due to any policyholders or payment thereof.
4. Appellee had been paid any sum due it through its own course of dealing.
The record reveals this action was commenced on May 22, 1958, alleging a contract founded upon an instrument in writing that purported to be an agency agreement to the thing which the action seeks to enforce.
The appellant denies the agreement provides for any reimbursements to be made to the appellee for sums paid out to policyholders as unearned premiums, and further, that the three-year statute of limitations must apply for the reason the last payment made to the policyholder as unearned premium was prior to May 17, 1955, or the three years having elapsed prior to the filing of this suit.
The first question to decide is whether the action is founded upon an instrument in writing within the five-year statute of limitations as argued by^ appellee under Florida Statutes § 95.11(3), F.S.A., or does the three-year statute of limitations apply? The agency agreement inter alia provides:
“(7) Accounts of money due the Company on the business placed by the Agent with the Company are to be rendered monthly so as to reach the Company’s office not later than the fifteenth day of the following month; the premiums therein shown to be due to the Company, representing all premiums reported less return • premiums for can-celled policies, shall be paid not later than forty-five days after the end of the month for which the account is rendered.”
The language of this agreement is sufficient and has the essential elements to decide or determine the rights and liabilities of the parties. It does not require further parol testimony to explain its intent, but appears to be a written acknowledgment of the obligation of the appellant (insurer) to reimburse appellee (agent) and would, therefore, come within the five-year statute of limitations, as provided in Florida Statutes § 95.11(3), F.S.A. The court so finds,
 The next question is whether or not the appellee recovered upon a different claim than the one alleged, for the reason the verdict provided in its judgment certain sums as commissions for the appellee. Appellant claims the agreement does not specify commissions. The claim of the appellee was for the reimbursement of unearned return premiums, and it would follow that the appellant would be entitled to a set-off of any of the premiums due it less the commissions to appellee. All this was shown by the appellee’s accounts current, detailing policies written and cancelled, proving thereby the return premiums due the appel-lee and the credits due the appellant, less commissions due the appellee on the policies. Therefore, this complaint is without merit.
Next, the appellant contends the ap-pellee failed to prove the amount of unearned premiums due to any policyholders, or that any amounts were repaid to said policyholders. It appears from the record that the appellee adduced at the trial monthly accounts that were current, listing the name of the insured and all the information relating to the policies, such as the inception date of the policy, expiration date, amount of premium, date the policy was cancelled, and the amount of return premium, as well as other information in the listings, and further evidence of the date when return premiums were made. This evidence was not refuted by the appellant, and the record on review shows that the jury could reason *201 ably find that payments of unearned premiums to policyholders were properly made.
 Appellant further assigns as error that any indebtedness to appellee had been paid prior to the filing of this suit, namely, July 31,1954. This is an affirmative defense and the burden of proof was upon the appellant to convince the jury that all such payments had been made to the appellee, if any were due. The jury chose to return a verdict for the appellee, based on the evidence before it.
We have considered the remaining questions presented by appellant, but fail to find any harmful or prejudicial error. We conclude the evidence presented to the jury was sufficient, if believed, to support the judgment.
The appellee has cross assigned as error the failure of the court to charge the jury that there should be included in the verdict, if they found for the appellee, interest on the amount due at the rate of six per cent from the date such sum became finally due. The appellee contends under this assignment that this court should remand the cause with directions that the judgment should be amended to include interest on the amount of the verdict returned by the jury, but does not ask that the cause be reversed on the basis that the failure to give the charge was error. Although it may have been error to fail to give the charge as requested, nevertheless, the relief now sought in this court is the addition of interest to the judgment returned by the jury as a part of the judgment. This court is not in a position, nor does it have the authority under the current decisions, to direct the trial court to add interest to a judgment which was not included in the jury verdict. We conclude that the appellee’s cross assignment is not well taken and in light of the relief requested is governed by the case of Bailey v. Swartz, Fla.App.1957, 97 So.2d 310, and the cases cited therein.
Accordingly the judgment appealed is affirmed.
Affirmed.