297 So.2d 598 (1974)
MERCY HOSPITAL, INC., Appellant,
v.
Henry R. CARR, Appellee.
No. 73-1494.
District Court of Appeal of Florida, Third District.
June 11, 1974.
Rehearing Denied August 9, 1974.
Simons & Simons, Miami, for appellant.
Carr & Emory, Miami, James A. Baccus, Miami, for appellee.
Before PEARSON, CARROLL and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff-appellant seeks review of an adverse final summary judgment in this action to recover damages for services rendered.
On December 31, 1968, defendant's wife was admitted as a patient to plaintiff, Mercy *599 Hospital. At the time of her admission, defendant-appellee Henry Carr executed a written "Authorization" to the appellant Mercy Hospital which authorized the hospital to fill in the blanks on another form entitled "Agreement to Pay Unpaid Balance" also signed by the appellee. The above authorization provided that all charges are in accordance with existing standard and current rates as set forth in regular schedules which are available for inspection and review. The "Agreement to Pay Unpaid Balance" contained a provision for 7% interest on all sums past due and also a provision for defendant's obligation to pay attorneys' fees and costs if collection procedures had to be instituted. Several days after defendant's wife was discharged from the hospital, a statement for charges in the sum of $8,298.70 was rendered to Mr. Carr, who objected to the charges and demanded without success to see the regular schedules containing the standard current rates referred to by plaintiff hospital. Thereafter, plaintiff filed a complaint against the defendant and sought therein to recover the $8,298.70. Subsequent thereto, on June 20, 1973 plaintiff filed an amended complaint seeking alternatively (1) damages for services rendered, (2) judgment on the hereinabove instruments signed by the defendant for the amount of the charges, plus 7% interest and attorneys' fees, and (3) judgment on an account stated. In response thereto, defendant-appellant filed a motion to dismiss and as grounds therefor alleged that the amended complaint failed to state a cause of action, the action was barred by the three-year statute of limitations, and that an incomplete instrument cannot be the basis of any legal claim against the defendant who never agreed to the balance claimed by plaintiff. Both parties then moved for summary judgment. After a hearing was held thereon and the parties submitted respective memoranda of law, the trial judge granted summary judgment in favor of the defendant. Plaintiff Mercy Hospital appeals therefrom.
Appellant contends that the entry of summary judgment in favor of the defendant-appellee was error where the instruments executed in blank by the defendant clearly are a contract founded upon an instrument in writing not under seal and, therefore, are subject to the five year statute of limitations and the contract is not unenforceable for uncertainty because the method of determining the amount of the bill was defined in the instruments. We find merit in this contention and reverse.
Where there is an affirmative obligation expressed in writing to do the act for the non-performance of which an action is brought and the writing is signed by the party to be charged and there is consideration for the promise, there is a contractual obligation in writing. Meehan v. Grimaldi & Grimaldi, Inc., 240 F.2d 775 (5th Cir.1957); See also Gulf Life Ins. Co. v. Hillsborough County, 129 Fla. 98, 176 So. 72 (1937).
Turning to the case sub judice, we find that the language of this agreement is sufficient and has the essential elements cited hereinabove to determine the obligations of the respective parties and thus, we find that the subject action is founded upon instruments in writing and, therefore, F.S. § 95.11(3), F.S.A., the five-year statute of limitations, is applicable. Cf. McGill v. Cockrell, 88 Fla. 54, 101 So. 199 (1924); Insurance Co. of The South v. Kennedy & Ely Ins., Inc., Fla.App. 1962, 143 So.2d 199.
Accordingly, we hereby reverse the summary judgment entered in favor of the defendant-appellee and remand the cause with directions to enter judgment in favor of the plaintiff-appellant on the issue of liability. However, we further find that appellee may not be bound by the charges put in the contract as he is entitled to question the reasonableness thereof, and, therefore, remand the cause for further proceedings on the issue of damages.
Reversed and remanded.