BARKDULL, Judge,
dissenting.
The majority opinion filed herein has, in my opinion, misconceived the issue presented in this case and therefore I must respectfully dissent. This appeal is taken from a final judgment dismissing the plaintiffs’ third amended complaint with prejudice. In reviewing the propriety of the order appealed we must look to the third amended complaint and exhibits. Poulos v. Vordermeier, 327 So.2d 245 (Fla. 4th DCA 1976); Harry Pepper & Associates, Inc., v. Lasseter, 247 So.2d 736 (Fla. 3d DCA 1971). A review of the count claiming the action to be on a written contract and the exhibits allegedly supporting that allegation totally fail to set forth the essential elements to be met in determining whether a contract is founded on a written instrument within the meaning of Mercy Hospital, Inc. v. Carr, 297 So.2d 598 (Fla. 3d DCA 1974). Therefore, I would find that the trial court correctly dismissed this count and that the five year statute of limitations found in Section 95.11(2)(b) Florida Statutes (1981) is not applicable.
The remaining tort counts are governed by the four year statute of limitations found in Section 95.11(3)(a) Florida Statutes (1981). The complaint shows on its face that the action was commenced more than four years from the occurrence of the events giving rise to the instant case and are thus barred by Section 95.11(3)(a), Florida Statutes (1981) unless some action on the part of the defendant has tolled the running of the statute. Here is where I disagree with the position of the majority. While it is true that the plaintiffs have alleged a fraudulent concealment of the facts giving rise to this action, seeking to toll the running the statute, nowhere in their complaint do they allege any facts to support a fraudulent concealment on the part of the defendant church. All their allegations pertain to the actions of the active tortfeasor, the employee or agent of the defendant church. A concealment by the agent where the principal has no knowledge thereof does not operate to prevent the statute of limitations from running in favor of the defendant principal. Wood v. Williams, 142 Ill. 269, 31 N.E. 681 (1892); *1147 51 Am.Jur.2d, Limitations of Actions, § 150.
Therefore, I would find that the plaintiffs failed to allege any facts in their third amended complaint necessary to toll the running of the statute of limitation as to the defendant church and would affirm the trial court’s holding dismissing the cause with prejudice on the basis that it was barred by Section 95.11(3)(a) Florida Statutes (1981).