BOOTH, Chief Judge.
This cause is before us on appeal from a final judgment entered in favor of defendants following the granting of an involuntary dismissal against plaintiff, Interior Design Concepts, Inc. (IDC), appellant herein.
IDC orally agreed with defendant, Ravines Development Corporation (Ravines), to perform certain interior design work at Ravines’ “expandominium” project. Two weeks after being billed and without objection, Ravines paid the first monthly bill from IDC of $4,790.47. The second monthly bill of $5,651.20 and the third monthly bill of $3,223.94 were not paid by Ravines, with no explanation given. The two outstanding bills totaled $8,875.14.
While performing the work for Ravines, IDC became involved in the interior designing of the corporate offices at the expan-dominiums. For this effort, Master Links, Inc. (ML) was billed $3,868.80 for services and $4,342.63 for reimbursables. ML subsequently paid IDC for its reimbursables but not for its services.
IDC brought suit against Ravines and ML,[1] proceeding under a theory of quantum meruit.
The court granted an involuntary dismissal in favor of ML and Ravines based on its finding from the evidence that: (1) it was impossible to determine the amount owed to the plaintiff by Ravines or the amount owed by ML; (2) no clear testimony was presented on the reasonable value of goods and services provided to each defendant separately; and (3) neither defendant was obligated to pay the debt of the other.
On appeal, IDC argues that a prima facie case under a theory of quantum me-ruit was established and the granting of an involuntary dismissal was error. We agree in part.
*1376 To establish a prima facie case under quantum meruit, IDC was required to show: (1) that services were performed; and (2) the reasonable value of the services. IDC carried this burden with respect to defendant Ravines.
In Dean v. Blank, 267 So.2d 670 (Fla. 4th DCA 1972), a suit in quantum meruit, time sheets kept on the job were considered evidence of the number of hours of work performed. Furthermore, an hourly wage rate had been fixed between the parties. Therefore, the number of hours, as reflected on the time sheet multiplied by the agreed-upon hourly rate was sufficient evidence of the reasonable value of the services rendered.
As to defendant Ravines, the situation is quite similar. Daily task sheets were admitted into evidence and, despite Ravines’ challenge to the records as “inconsistent” and “confusing,” etc., could be found to accurately reflect the number of hours devoted to the work performed. The hourly rates had been fixed between the parties in the first of three billings to Ravines. This billing, dated September 24, 1982,[2] applies to the particular project at issue, was paid without contest by Ravines, and, for the purpose of our consideration here of the involuntary dismissal, must be taken as evidence of an agreed-upon hourly rate. The reasonable value of services performed for Ravines was the number of hours devoted to the work, multiplied by the corresponding agreed-upon hourly rate. The involuntary dismissal granted in favor of Ravines is therefore reversed and the cause remanded for further proceedings on the claim against defendant Ravines.
There was no basis on which to establish an agreed-upon hourly rate between IDC and ML. As to ML, there is no evidence of the reasonable value of services performed for ML, as the trial court correctly ruled. IDC failed to establish a prima facie case in quantum meruit. The granting of an involuntary dismissal in favor of ML is therefore affirmed.
We find the other issues raised by appellant to be without merit.
Accordingly, the judgment below, entered on the granting of an involuntary dismissal, is affirmed as to the claim against ML and reversed and remanded for further proceedings on the claim against Ravines.
SHIVERS and ZEHMER, JJ., concur.

. IDC voluntarily dismissed count one, which named James Curtin as a defendant.

. The September 24 billing paid by Ravines contains the following hourly rates:
Project Manager/Designer $42.00
Designer $30.00
Draftsman/Architectural $18.00
Clerical/Specifications $10.80
Similar rates were applied in an earlier project as shown by a written agreement between IDC and Ravines containing the following:
Project Manager $42.00
Project Designer $30.00
Clerical/Specifications $10.80