PER CURIAM.
We reverse the order dismissing a complaint as time barred. A failure to attach a copy of the contract to the complaint did not require a dismissal. Parkway Gen. Hosp., Inc. v. Allstate Ins. Co., 393 So.2d 1171 (Fla. 3d DCA 1981). When the physician did file a copy of the contract as an attachment to the complaint, with leave of court, the pleading defect was cured. Hitt v. North Broward Hosp. Dist., 387 So.2d 482 (Fla. 4th DCA 1980). A written agreement of the parents, in an authorization for services, to be financially responsible to a health-care provider for any medical charges rendered to their children is a written contract governed by section 95.11(2)(b), Florida Statutes (1991), the five-year limitation period. Variety Children’s Hosp., Inc. v. Vigliotti, 385 So.2d 1052 (Fla. 3d DCA 1980); Mercy Hosp., Inc. v. Carr, 297 So.2d 598 (Fla. 3d DCA), cert. denied, 307 So.2d 448 (Fla.1974). Because the 1991 suit was filed well within five years from the last date of medical services rendered pursuant to the 1986 contract, it was not barred.
Reversed and remanded.