624 So.2d 349 (1993)
Imogene VARNES, Appellant,
v.
Donald Ray DAWKINS, Appellee.
No. 92-1542.
District Court of Appeal of Florida, First District.
September 14, 1993.
Michael Bowlus, Crabtree, Ford & Jeter, P.A., Jacksonville, for appellant.
Gary Baker, Callahan, for appellee.
PER CURIAM.
Appellant, Imogene Varnes, appeals the trial court's order dismissing with prejudice her complaint claiming equitable title to certain real property due to appellee Donald Ray Dawkins' failure to reconvey said property to appellant pursuant to an alleged oral agreement to that effect. We reverse and remand.
On January 24, 1992, appellant Imogene Varnes filed a five count amended complaint alleging the following:
On or about January 28, 1988, appellant and her husband, Samuel R. Varnes, conveyed by warranty deed certain real property *350 owned by them to Samuel's son, Donald Ray Dawkins. Appellant alleged that the conveyance was made without consideration[1] and upon the express oral agreement that Donald Dawkins would reconvey the property to appellant or Samuel Varnes without further consideration upon demand by either appellant or her husband, Samuel R. Varnes. The conveyance to Donald Dawkins reserved unto each of the grantors (Samuel and Imogene Varnes) a life estate in the subject property while acknowledging that the property was encumbered by a life estate superior to Samuel R. Varnes' interest in the property.[2] Samuel R. Varnes died on November 7, 1988, leaving a will which left all assets, real and personal, to appellant. The complaint further alleged that appellant is the present owner of the subject property (encumbered only by the aforementioned life estate).
Appellant further alleged that she had demanded reconveyance of the subject property from appellee who has refused to reconvey the property to her, and that Donald Dawkins resides in the subject property pursuant to an oral agreement with appellant providing for payment of rent, but has failed and refused to pay the agreed upon rental fee. The complaint sets forth five counts for relief under various equitable theories arguing for the rescission of the conveyance to Dawkins, imposition of a constructive trust for the benefit of appellant, and demanding payment for the value of the unpaid rent.
Appellee Dawkins moved to dismiss the amended complaint for failure to state a cause of action, arguing that appellant never owned any interest in the property until January 28, 1988, when a life estate was created for her; that the alleged oral agreement to reconvey the property to appellant is violative of the statute of frauds; that there is no provision at law for the specific enforcement of an express oral agreement to reconvey property; and that appellant does not have an equitable interest in the property.
It is apparent to us that the trial court, in granting appellee's motion to dismiss, placed undue reliance on appellee's factual assertion that appellant owned no interest in the subject property until January 28, 1988, when Samuel Varnes created a life estate for her. According to appellee's theory, appellant could not have been fraudulently induced into signing the warranty deed conveying the property to appellee because appellant at the time of the conveyance had no legal interest in the subject property. According to appellee, any oral representation that appellee would reconvey the property to appellant upon demand could not inure to appellant's benefit since she had no legal right to convey the property in the first instance.
In relying upon the factual assertions of appellee's motion to dismiss, the trial court abused its discretion. The function of a motion to dismiss is to raise as a question of law the sufficiency of the facts alleged to state a cause of action. Connolly v. Sebeco, Inc., 89 So.2d 482 (Fla. 1956); P.P. Fish v. Post of Amvets # 85, 560 So.2d 337 (Fla. 1st DCA 1990). In determining the sufficiency of the complaint, the trial court may not look beyond the four corners of the complaint, consider any affirmative defenses raised by the defendant, nor consider any evidence likely to be produced by either side. Martin v. Principal Mutual Life Ins. Co., 557 So.2d 128 (Fla. 3d DCA 1990); Lewis State Bank v. Travelers Ins. Co., 356 So.2d 1344 (Fla. 1st DCA 1978). Significantly, all material factual allegations of the complaint must be taken as true. Connolly v. Sebeco, supra; Cook v. Sheriff of Collier County, 573 So.2d 406 (Fla. 2d DCA 1991); Brandon v. County of Pinellas, 141 So.2d 278 (Fla. 2d DCA 1962).
Taking as true the factual allegations of appellant's complaint, the complaint does, indeed, state a cause of action for the imposition of a constructive trust for appellant's benefit. Appellant plainly alleged that she and her husband, Samuel R. Varnes, owned the subject property at the time of the conveyance to appellee. Cf. P.P. Fish v. Post of Amvets # 85, 560 So.2d 337 (Fla. 1st DCA 1990) (finding in suit to quiet title plaintiff's *351 mere allegation of ownership of lands in question sufficient to state a cause of action, citing 20 Fla.Jur.2d Ejectment and Related Remedies, § 130). In addition, under the circumstances alleged in appellant's complaint, an oral agreement to reconvey property is enforceable because the statute of frauds does not apply to trusts arising by operation of law. Quinn v. Phipps, 93 Fla. 805, 113 So. 419 (Fla. 1927) (constructive trust is equitable remedy which may be proven by parol evidence); Grapes v. Mitchell, 159 So.2d 465, 469 (Fla. 1963) (constructive and resulting trusts may be established by parol evidence, citing Reid v. Barry, 93 Fla. 849, 112 So. 846 (1927)); Williams v. Grogan, 100 So.2d 407, 410 (Fla. 1958) (same); see also Wadlington v. Edwards, 92 So.2d 629 (Fla. 1957); Hieble v. Hieble, 164 Conn. 56, 316 A.2d 777 (Conn. 1972); cf. Pappas v. Pappas, 164 Conn. 242, 320 A.2d 809 (1973) (finding constructive trust could not be imposed where transferor conveyed property to son with intention of removing asset from reach of wife during marital dissolution  "unclean hands" doctrine).
In reversing and remanding to the trial court for further consistent proceedings we, of course, express no view on the merits of appellant's claims.
REVERSED and REMANDED for further consistent proceedings.
SMITH, BOOTH and MINER, JJ., concur.
NOTES
[1] The Warranty Deed actually states that the conveyance to Donald Ray Dawkins is in consideration for the sum of ten dollars.
[2] The prior encumbrance is not at issue in this appeal.