WOLF, Judge.
Donald Ray Dawkins (appellant) challenges a final judgment determining that certain real property was conveyed, subject to a constructive trust, and appellant must transfer the property by quit claim deed to Imogene Varnes (appellee). Appellant asserts that (1) the trial court erred by allowing introduction of hearsay testimony concerning statements made by Samuel L. Varnes, who is deceased; and (2) the trial court erred by finding that the subject property was to be held by the appellant in trust and then was to be transferred to the appellee one year from the death of Samuel L. Varnes.
We find that the statements of the decedent were improperly admitted into evidence and, therefore, we remand to the circuit court for a redetermination of whether a constructive trust was created.
On January 28, 1988, Samuel L. Varnes and his wife, Imogene Varnes, the appellee, executed a warranty deed conveying real property to their son, Donald Ray Dawkins, the appellant. When the deed was executed, the appellee and the appellant were both present with Samuel L. Varnes, as was Varnes’ mother, “Granny” Varnes. Samuel L. Varnes died on November 7,1988.
In January 1992, Imogene Varnes, appel-lee, brought a civil action against the appellant, seeking to establish among other things that there was a trust on the property which had been conveyed to the appellant, and as a result of the trust there should have been a reconveyance of the property. The trial court dismissed the appellee’s complaint with prejudice, and she appealed the dismissal to this court. The case was reversed and remanded in Varnes v. Dawkins, 624 So.2d 349 (Fla. 1st DCA 1993), upon our determination that the allegations were sufficient to establish a cause of action for constructive trust.
At trial, over defense’s hearsay objection, the court allowed testimony from family members as to statements made by the decedent after he signed the deed indicating his intent in deeding the property to his son. Ray Casselberry, appellee’s son-in-law, testified that the decedent said he would put the property in appellant’s name for one year, and appellant had agreed to deed it back to the appellee “for the protection of the property” because the decedent was afraid that due to the medical bills, possible liens and lawsuits associated with his illness, his wife might lose the property; Thelma Donaldson, appellee’s former sister-in-law, testified that the decedent said the appellant was supposed to “sign it back a year after he’s gone” so his wife would not lose the property. Appellee asserts that these statements were admissible as a statement against interest pursuant to section 90.804(2)(a), Florida Statutes.
Section 90.804(2)(c) states,
Statement against interest. — A statement which, at the time of its making, was so far contrary to the declarant’s pecuniary or proprietary interest or tended to subject him to liability or to render invalid a claim by him against another, so that a person in the declarant’s position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and of *337 fered to exculpate the accused is inadmissible, unless corroborating circumstances show the trustworthiness of the statement.
The material portions of the statements at issue were that appellant would convey the property to appellee, the declarant’s wife, after one year. We fail to see how these statements would be against decedent’s interest. The statements constituted inadmissible hearsay.
We, therefore, reverse and remand with directions for a redetermination of whether a constructive trust was created.
WEBSTER and VAN NORTWICK, JJ„ concur.