705 So.2d 953 (1998)
Jason GREENE, Appellant,
v.
ALACHUA GENERAL HOSPITAL, INC., Appellee.
No. 97-1032.
District Court of Appeal of Florida, First District.
January 12, 1998.
Stephen A. Scott, Gainesville; and Herbert T. Schwartz of Crowley & Douglas, L.L.P., Houston, TX, for Appellant.
Edward M. Waller, Jr., George A. Vaka, Charles Wachter and Elizabeth A. Boland of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa; Toby S. Monaco of Monaco, Monaco & Birder, Gainesville; and William C. Andrews of Scruggs & Carmichael, Gainesville, for Appellee.
PER CURIAM.
This cause is before us on appeal from the trial court's entry of summary judgment for Appellee, in which the trial court ruled, in view of Appellant's voluntary payment (without protest) of the hospital bills submitted after his treatment and release from the hospital, that Appellant failed to submit any facts to support his claim of money had and received based on "imposition."
On review of the trial court's order, this court must determine the proper definition of "imposition" in the context of the instant case and whether Appellant submitted facts to withstand summary judgment thereon. The Fifth District Court of Appeal held that "imposition" requires that the payee "coercively" exact excess money from the payor. Hall v. Humana Hosp. Daytona Beach, 686 So.2d 653, 656 (Fla. 5th DCA 1996)(citing Cullen v. Seaboard Air Line Ry. Co., 63 Fla. 122, 58 So. 182, 184 (1912)), rev. denied, 694 So.2d 738 (Fla.1997). This court, however, has defined "imposition" as something less than coercion, stating that "imposition" occurs when the payee "tak[es] advantage of his position, or the circumstances in which another is placed, [and] exacts a greater price for services rendered than is fair and reasonable...." Payne v. Humana Hosp. Orange Park, 661 So.2d 1239, 1241 (Fla. 1st DCA 1995)(emphasis omitted)(quoting Southern States Power Co. v. Ivey, 118 Fla. 756, 760, 160 So. 46, 47 (1935)), rev. denied, 671 So.2d 788 (Fla.1996).
Therefore, in line with Payne, we hold that the concept of "imposition" requires that the payee apply pressure or take advantage of the payor. The pressure applied or advantage taken does not have to rise to the level of actual coercion. Here, the record is devoid of facts indicating that Appellant was under pressure greater than that felt by any debtor or that Appellee took advantage of *954 Appellant. Accordingly, the trial court's entry of summary judgment must be affirmed.
AFFIRMED.
BOOTH and VAN NORTWICK, JJ., and COSTELLO, Associate Judge, concur.