# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

**FILED**

**August 27, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**

JANE DOE and her husband )
JOHN DOE, on their behalf, )
and on behalf of all other persons )
similarly situated, )
)
      Plaintiffs/Appellees, )    Appeal No.
)    01-A-01-9806-CV-00306
VS. )
)    Davidson Circuit
HCA HEALTH SERVICES OF )    No. 92C-2041
TENNESSEE, INC., d/b/a )
HCA DONELSON HOSPITAL, )
)
      Defendant/Appellant. )

APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE HAMILTON V. GAYDEN, JR., JUDGE

G. GORDON BONNYMAN, JR.
203 Second Avenue, North
Nashville, Tennessee 37201

RALPH I. KNOWLES
1355 Peachtree Street
Atlanta, Georgia 30309

JOHN A. DAY
KATHRYN BARNETT
150 Fourth Avenue, North
Nashville, Tennessee 37219
      Attorneys for Plaintiffs/Appellees

H. LEE BARFIELD, II
JAMES O. BASS, JR.
ROBERT E. COOPER, JR.
E. CLIFTON KNOWLES
2700 First American Center
Nashville, Tennessee 37238-2700
      Attorneys for Defendant/Appellant

AFFIRMED AND REMANDED

                      BEN H. CANTRELL,
                      PRESIDING JUDGE, M.S.

CONCUR:
CAIN, J.
COTTRELL, J.

# O P I N I O N

This deceptively simple contract question may be like the cloud "about the size of a man's hand"[1] that produced a great storm. At issue is whether a patient's promise to pay a hospital's "charges" incorporates by reference the hospital's secret, proprietary list maintained for billing purposes. The Circuit Court of Davidson County held that the promise did incorporate the list by reference, but held, nevertheless, that the charges had to be reasonable. We concur in the result reached by the trial court but on a different basis. Therefore we affirm.

## I.

Jane Doe sought admission to a Donelson hospital for a medical procedure. She was covered by insurance through her husband's employer, and she signed a form, furnished by the hospital, pertaining to the payment of her bill. We reproduce it here in its entirety:

> I certify that the information given by me is correct. I hereby authorize payment to **HCA Donelson Hospital** insurance benefits herein specified and otherwise payable to me but not to exceed the total charges for this hospital confinement. In applying for payment of [sic] under Title XVIII or Title XIX of the Social Security Act, I request payment of authorized benefits to be made on my behalf. I understand I am financially responsible to the hospital for charges not covered by this authorization. I further assume responsibility for payment of reasonable attorney/and/or collection fees in the event such costs are incurred in the collection of this debt.

Ms. Doe's insurance paid its share of the bill and the hospital billed her for the balance of $1,346.21. Ms. Doe and her husband asked for time to pay the balance, but after six months, the hospital turned the account over to a collection agency. The Does sued the hospital for a declaratory judgment that the hospital breached its contract with them by demanding unreasonable charges for its goods

---

[1] I Kings 18:44 (The Living Bible).

and services.[2]  The complaint also sought to represent a class of plaintiffs similarly situated.

The hospital filed an answer denying the material allegations of the complaint and a counter-claim for the unpaid bill.  The parties warily circled one another for over four years.  During that period the court did enter an order conditionally allowing the action to be maintained as a class action.  Finally, the hospital moved for summary judgment on the ground that the "charges" Ms. Doe agreed to pay on her admission referred to the hospital's "charge master," a confidential list of the charges made by the hospital for all its goods and services.

The trial judge held that the use of the charge master did not violate the Consumer Protection Act, did not amount to bad faith, and was not a breach of contract.  In a footnote the court also held:

> The Court finds that the contract is not an open price contract, but a contract incorporating a price term by reference.  Such contracts are valid: "If a promise indefinite as to price is capable of being made certain by an objective standard through extrinsic facts, it will be enforced." Williston on Contracts §4:27; Vanderbilt v. Everett, No. 93C-2126.  This does not, however, dispose of the issue of the reasonableness of the charges contained on the charge master, nor does it address the issue regarding the role of third party payors in establishing a meeting of the minds.

The court went on to say:

> These issues, the practical necessity of maintaining a Charge Master list of over 7,000 items and services as a separate document from a patient/hospital contract, assignment of benefits, guarantee of payment, etc. underscores and illustrates the uniqueness of the field of hospital/health care endeavors when viewed through the lens of conventional contract law.  Hospitals are concerned with delivering critical care to diverse and disparate types of patients and types of situations.  This duty is given great weight by the court in addressing the

---

[2]The complaint also alleged that the hospital violated the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, et. seq.; that the contract with the hospital was an adhesion contract; and that the hospital had violated a duty of good faith and fair dealing. All the various theories are based on the allegation that the hospital's charges are unreasonable.

parameters of what kind of evidence may be considered in arriving at a test of whether the prices of items or services are unreasonable, arrived at in bad faith, or are unconscionable. This ongoing duty of critical care is also being considered by the Court in so far as the class action designation is concerned, and the way damages, if any, are to be computed.

Simultaneous to delivery of this critical-care service to the public is the notion that the patients should not have to pay more than is reasonable under the circumstances. And the hospital should not be allowed to reap the benefit of an unfair bargain. In determining what is unreasonable or unconscionable or in bad faith, there are many considerations to be taken into account, assuredly some of which the court is yet to be made aware of. Nevertheless, the fact that a toothbrush costs substantially more at this defendant's Summit hospital is not evidence in and of itself that there exists an unreasonable or unconscionable price or that the price was arrived at in bad faith. The evidence will reflect where the price is reasonable.

In this case, reasonableness may be shown by a combination of factors, including but not limited to, the overall profitability of the hospital, the inflating effect of indigent care, and the effect on competition of third party payors, i.e., insurance companies, having a much leaner financial obligation than it appears to the average person/patient, resulting in increased cost of services to the patient.

It seems to us that the court applied a hospital exception to the general law of contracts. While finding that the contract incorporated a price term by reference (presumably the charge master), the court, nevertheless, held that the hospital's charges had to be reasonable.[3] The hospital urges us to return to orthodoxy and hold that once the court finds that the charge master was incorporated by reference, the inquiry is over.[4]

## II.

---

[3]The court was not breaking new ground in this approach. In *Mercy Hospital v. Carr*, 297 So.2d 598 (Fla. 3d DCA 1974), the writing signed by the patient said that all charges are in accordance with existing standard and current rates as set forth in regular schedules which are available for inspection and review. Finding that this language created a contract, the court, nevertheless said (without citation) that the patient was not bound by the charges put in the contract "as he is entitled to question the reasonableness thereof." 297 So.2d at 599. *See also Payne v. Humana Hospital Orange Park*, 661 So.2d 1239 (Fla. DCA 1995).

[4]The hospital also relies on a 1995 trial court decision, *Vanderbilt University v. Everett*, No. 93C-2126 (Davidson County). In that case, the agreement referred to the hospital's "regular charges." The court held that the reference was to the hospital's "charge description master," a list of more than 35,000 items, whose charges were adjusted on an annual basis. The *Everett* case is not before us for review, and the trial court's decision is obviously not binding on this court.

- 4 -

We agree that the question before us concerns an orthodox contract principle, but we disagree as to the effect of the written promise signed by Ms. Doe. The parties do not disagree about the principle. Ms. Doe concedes that the modern view of contract formation includes the following:

> Certainty with regard to promises does not have to be apparent from the promise itself, so long as the promise contains a reference to some document, transaction or other extrinsic facts from which its meaning may be made clear.

Richard A. Lord, *Williston on Contracts* § 4:27 (Fourth Ed. 1990). *See also Restatement (2d) Contracts* § 33 Comment (a) (1981). Most of the authorities cited by both parties stand for that principle. *See Litsinger Sign Co. v. American Sign Co.*, 227 N.E.2d 609 (Ohio 1967); *Cobble Hill Nursing Home, Inc. v. Henry & Warren Corp.*, 548 N.E.2d 203 (N.Y. 1989); *Benevento v. RJR Nabisco, Inc.*, No. 89-6266, 1993 WL 126424, at *5 (S.D.N.Y. April 1, 1993); *Williston on Contracts* § 4:27; *Corbin on Contracts* § 4.4 (Revised Ed. 1993); *Farnsworth on Contracts* § 3.8c.

The question, however, is whether in this case the agreement referred to such extrinsic matters. As we read the promise in the form Ms. Doe signed there is no reference to any "document, transaction or other extrinsic fact" to which reference could be made to ascertain the amount she promised to pay. Her promise was to pay "charges not covered by this authorization."

The hospital's contention that the term "charges" refers to the charge master begs for an examination of what the charge master is. It is a list, maintained by the hospital's chief financial officer, containing 295 pages of over 7,000 items. The list is secret and never shown to patients. It is adjusted on a weekly basis based in part upon the hospital's financial condition. When it is updated, the earlier version of the charge master is not preserved or archived. The prices to the hospital are marked up by a mathematical formula -- designed to produce a targeted amount of profit for the hospital. Patients are not charged according to the list at the time they enter the

hospital, nor at the time the goods or services are furnished, but at the time the bill is compiled.

We do not think the charge master offers an independent, objective, or verifiable means of determining the amount of the charges Ms. Doe agreed to pay, and therefore we do not believe that it became part of her agreement. Having made that determination, we now have the option of declaring the contract (or at least the portion involving uncovered charges) unenforceable, because it lacks an essential term. *Jamestown on Signal v. First Federal S & L*, 807 S.W.2d 559 (Tenn. App. 1990). However, we are reluctant to do so, because Ms. Doe has not advocated such an action. Further, the law does not favor the destruction of contracts, particularly when one of the parties has performed his part. *Minor v. Minor*, 863 S.W.2d 51 (Tenn. App. 1993).

We therefore adopt the same conclusion the trial court did and we agree that the plaintiff is only obligated to pay charges that are reasonable. At the same time, we do not wish to imply that we favor the rule apparently adopted by the Florida court that a hospital bill must always be "reasonable." The reason is that such a rule would ultimately place the burden of determining reasonableness on the courts, rather than on individuals who possess knowledge and expertise in the increasingly arcane world of medical costs. We believe rather, that in the absence of a patient's assent to an independent, objective and verifiable price term in the contract, a promise to pay fair value for the goods or services furnished is implied.

The order denying summary judgment to the hospital on the issue discussed herein is affirmed and the cause is remanded to the Circuit Court of Davidson County for further proceedings. Tax the costs on appeal to the appellant.

_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.

CONCUR:

- 7 -

_____
WILLIAM B. CAIN, JUDGE


_____
PATRICIA J. COTTRELL, JUDGE