751 So.2d 1289 (2000)
Joseph HASSEN, Charlie J. Johnson, III, and William Fleischmann, D.M.D., individually and on Behalf of all those similarly situated, Appellants,
v.
MEDIAONE OF GREATER FLORIDA, INC., a Florida corporation, Appellee.
No. 1D99-42.
District Court of Appeal of Florida, First District.
March 21, 2000.
Timothy W. Volpe, Michael M. Bajalia and Leslie A. Wickes of Volpe, Bajalia, Wickes & Rogerson, Jacksonville, and Perry Penland, Sr., Jacksonville, for Appellant.
Kathleen A. Marron and Douglas R. Boettge of Robins, Kaplan, Miller & Ciresi, L.L.P., Minneapolis, Minnesota, and Bedell, Dittmar, DeVault, Pillans & Coxe, P.A., Jacksonville, for Appellee.
Michael A. Hanzman, Mark J. Heise and Keith E. Hope of Hanzman, Criden, Chaykin, Ponce & Heise, P.A., Miami, for Amicus Curiae Academy of Florida Trial Lawyers.
ALLEN, J.
The appellants challenge an order by which the trial court entered a judgment on the pleadings and dismissed a claim for recovery of money paid as late charges on cable television bills. We conclude that the court properly determined that such *1290 recovery is barred by the appellants' voluntary payment.
In their complaint the appellants alleged that when their monthly cable television bills became past due they paid late charges which were assessed in accordance with the subscription agreement. The complaint reveals that monthly billing statements also indicated that late fees could be assessed upon untimely payment of the monthly bill. The appellants made such untimely payment, and then paid the late charges assessed thereon, thereafter filing the present action seeking recovery of the late charges which they paid.
The appellants denominated their claim below as one to recover unlawful penalties, asserting that the charges are excessive and disproportionate to the actual costs which the appellee cable provider incurred with the late payments. The appellants further alleged that the appellee possessed overwhelming bargaining power because it had an exclusive franchise for the provision of cable television services in the area, and that the appellants had no choice but to accept the appellee's contractual terms regarding late charges or to go without cable television services.
Despite describing the claim in their complaint below as one for unlawful penalties, the appellants now contend that the claim should have been entertained as one for money obtained by imposition. Under this theory money might be recoverable when paid to one who exerts undue pressure or advantage to obtain an unreasonable and excessive payment. See e.g. Payne v. Humana Hospital Orange Park, 661 So.2d 1239 (Fla. 1st DCA 1995). However, the pressure or advantage must be of such an extent as to remove the situation from the ordinary debtor-creditor relationship and negate the voluntariness of the payment. See Greene v. Alachua General Hospital, 705 So.2d 953 (Fla. 1st DCA 1998); Greenfield v. Manor Care Inc., 705 So.2d 926 (Fla. 4th DCA 1997). Otherwise, the voluntary payment may bar recovery, in accordance with the usual rule as applied in cases such as Hall v. Humana Hospital Daytona Beach, 686 So.2d 653 (Fla. 5th DCA 1996). See also Pacific Mutual Life Insurance Company of California v. McCaskill, 126 Fla. 82, 170 So. 579 (1936); New York Life Insurance Company v. Leeks, 122 Fla. 127, 165 So. 50 (1935). It does not matter that the payment may have been made upon a mistaken belief as to the enforceability of the demand, or liability under the law, as long as payment is made with knowledge of the factual circumstances. Hall; see also City of Miami v. Keton, 115 So.2d 547 (Fla. 1959). And as indicated in Pacific Mutual, payment should ordinarily be deemed voluntary unless the circumstances present some constraint or compulsion of such a degree as to impose a necessity of payment sufficient to overcome the mind and will of a person of ordinary firmness.
The appellants' desire for cable television services, and their assertion of a right to make late payment for such services without incurring late charges in the amounts here imposed, are not such circumstances as to destroy the voluntary character of the appellants' payment. Even if the appellants were unaware of the actual costs which the appellee incurred in connection with the late payment, the appellants were informed of the payment deadlines and the possibility that the late charges could be imposed upon late payment. They nevertheless decided to make late payment, and to pay the late charges assessed thereon. Having so decided to make voluntary payment of the late charges, the appellants are now precluded from maintaining an action for recovery of those voluntary payments.
The appealed order is affirmed.
BARFIELD, C.J., and LAWRENCE, J., CONCUR.