THOMAS, J.
We have for review the trial court’s order dismissing with prejudice Appellant’s “Amended Complaint to Contest Election” filed pursuant to section 102.168, Florida Statutes. The complaint concerned the November 2, 2010 election for the District 1 Madison County School Board seat. For the reasons discussed below, we agree with Appellant that the trial court erred.

Background

On November 12, 2010, Appellant filed his original “Complaint to Contest Election,” naming as defendants the Madison County Election Supervisor, the members of the county canvassing board, and Appel-lee, the prevailing candidate for the contested school board seat. Appellant did not effect service of process on any of the named defendants for this complaint.
The complaint alleged that Appellant ran against Appellee for a seat on the county school board and lost by just 28 votes. Appellant also alleged that there was a “gross disparity” between the percentages of early voting (which favored Appellant 58% to 42%) and the votes at the precincts (favoring Appellant 53% to 47%) when compared to absentee ballots (which favored Appellee 72% to 28%). The complaint further alleged that the percentage of absentee ballots cast in the district in question was significantly higher than in the other four districts.
Appellant’s complaint also included allegations of irregularities concerning absentee ballots. Appellant alleged that the “[sjtatistical evidence alone establishes a number of illegal votes were counted in the absentee ballots,” as “substantiated by voters who submitted absentee ballots and tried to vote on election day” as well as the election supervisor’s refusal to comply with Appellant’s record request. But for these allegedly illegal votes, Appellant contended, he would have won the election.
About four months later, on March 9, 2011, Appellant filed an “Amended Complaint to Contest Election.” Appellant effected service of process on Appellee for this version of the complaint on March 10, 2011 (117 days after the original complaint was filed). The amended complaint is essentially the same as the original, but contains additional purported anecdotal evidence of alleged absentee ballot irregularities.
In addition to Appellee’s answer to this complaint denying any election-related improprieties, Appellee filed a motion to dismiss Appellant’s amended complaint.[1] As *949 grounds for dismissal, Appellee asserted that the complaint was not timely because it was filed more than ten days after the election. Appellee also contended dismissal was warranted because the amended complaint was neither timely filed nor served, was filed without leave of court, and did not contain any “relation back” language. The motion also asserted Appellant’s amended complaint was deficient because it did not allege any wrong-doing by Appellee and was “otherwise facially deficient because it cites no grounds recognized under section 102.608 that can be considered a valid contest.” At the hearing held to address the motion to dismiss, Appellee argued the amended complaint should be dismissed because it was not signed by Appellant, pointing to the fact that the “signature” was in fact printed and, thus, not properly sworn, as required by section 102.168. Appellee also argued the complaint failed to assert that the election’s outcome would have been different but for the alleged misconduct.
The trial court subsequently issued its order, which has two operative paragraphs. The first states Appellee’s motion to dismiss is granted. The second states, “Based on the nature of the cause of action ... and the legal basis for this Court’s ruling, [Appellee’s] motion to dismiss ... is GRANTED with prejudice.” The order gives no explanation of the “legal basis” underlying the court’s decision.

Analysis

It is unclear from the dismissal order why the trial court dismissed Appellant’s complaint with prejudice. Thus, if there was any permissible reason for doing so, the trial court should be affirmed. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979) (holding “the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error.... Even when based on erroneous reasoning, a conclusion or decision of a trial court will generally be affirmed if the evidence or an alternative theory supports it.”). Here, however, the trial court’s order cannot be affirmed under any theory which would support the order dismissing the complaint.
Contrary to Appellee’s contention, the original complaint was timely filed. Section 102.168(2), Florida Statutes, provides that election contest complaints must be filed within “10 days after midnight of the date the last board responsible for certifying the results officially certifies the results of the election being contested.” Appellant filed his complaint on November 12, 2010, or ten days after the election; presumably, final certification occurred no earlier than election day on November 2, 2010. Further, it was not necessary for Appellant to obtain leave of court to file his amended complaint. Florida Rule of Civil Procedure 1.190(a) provides: “A party may amend a pleading once as a matter of course at any time before a responsive pleading is served.” Here, it is clear that the amended complaint was filed before any response to the original was filed.
Likewise, the absence of any “relation back” language to which Appellee referred in her motion is likewise not grounds for dismissal because no such language is necessary. Florida Rule of Civil Procedure 1.190(c) plainly states: “When the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.” (emphasis added). The rule says nothing *950 about the inclusion of “relation back language” for the rule to take effect. Here, it is clear on the face of the amended complaint that it “arose out of the conduct, transaction, or occurrence set forth ... in the original pleading,” i.e., the election at issue. As noted, the only significant difference between the original and amended complaints is that the latter added additional alleged anecdotal evidence of election misconduct.
Additionally, Appellant’s failure to effect service of process of the original complaint was not fatal under the circumstances here. Appellant filed and served his amended complaint within the 120-day window for effecting service of the original complaint. Pursuant to Florida Rule of Civil Procedure 1.070(j), a trial court has three options when a plaintiff fails to timely effect service: “(1) direct that service be effected within a specified time; (2) dismiss the action without prejudice; or (3) drop that defendant as a party.” Chaffin v. Jacobson, 793 So.2d 102, 103-04 (Fla. 2d DCA 2001) (emphasis added). “[W]hen the statute of limitations has run and service has been perfected as of the date of the hearing on the motion to dismiss, a trial court abuses its discretion by not extending the time for service and dismissing the complaint.” Miranda v. Young, 19 So.3d 1100,1102 (Fla. 2d DCA 2009).
Applying the foregoing, dismissal with prejudice for failing to timely obtain service was not one of the options available to the trial court, particularly considering the statute of limitations for filing an election contest complaint had long since expired as of the time the court issued its order. For this same reason, it would have been an abuse of discretion to dismiss the complaint as to Appellee only because, by statute, she was a necessary party to the action. At most, the trial court could have ordered Appellant to obtain service of process of the original complaint on Appel-lee within a time certain. Under the circumstances here, this would have not only been an unnecessary waste of time and money, it would have frustrated the purpose of rule 1.070(j), which “is to speed the progress of cases on the civil docket, but not to give defendants a ‘free’ dismissal with prejudice.” Chaffin, 793 So.2d at 104 (quoting Skrbic v. QCRC Assocs. Corp., 761 So.2d 349, 354 (Fla. 3d DCA 2000) (Cope, J., concurring in part and dissenting in part)).
The remaining potential procedural basis for the trial court’s dismissal concerns Appellee’s contention at the hearing that Appellant did not “sign” the amended complaint. It appears clear from the colloquy between the court and Appellee’s counsel that it is unlikely the court based its decision on the fact that Appellant printed his name on the signature line instead of writing it in cursive. As the court noted, it is clear from the signature block that an official in the clerk’s office attested to Appellant’s “signature” and affixed the court seal on the document. Given this fact, dismissal with prejudice based on this issue would have been error.
This leaves the issue of the sufficiency of the complaint when restricting review to the four corners of the document. See Varnes v. Dawkins, 624 So.2d 349, 350 (Fla. 1st DCA 1993) (holding “[i]n determining the sufficiency of the complaint, the trial court may not look beyond the four corners of the complaint, consider any affirmative defenses raised by the defendant, nor consider any evidence likely to be produced by either side.”). “Whether a complaint is sufficient to state a cause of action is an issue of law. Consequently, a ruling on a motion to dismiss for failure to state a cause of action is reviewable on appeal by the de novo standard of review.” *951 Sarkis v. Pafford Oil Co., Inc., 697 So.2d 524, 526 (Fla. 1st DCA 1997).
We first reject Appellee’s assertion that the complaint was deficient for failing to allege any wrongdoing on her part, as it is not necessary to do so. Section 102.168(4), Florida Statutes, specifically states that the successful candidate is a necessary party to an action brought under section 102.168. Appellant also named the only other indispensible party, i.e., the canvassing board, though he also named the election supervisor as well.
Appellee also contended that the amended complaint was “facially deficient” because “it cites no grounds under” the statute “that can be considered a valid contest.” It is clear, however, that the complaint, when read in its entirety, alleges wrongdoing with respect to, absentee ballots. The complaint addresses a large disparity between the number of votes Appellant received in early voting and on election day as compared to the number of absentee ballots, and juxtaposed those figures with the votes for Appellee which showed a lower number of votes in early voting and on election day compared to a significantly higher number of absentee ballots. Furthermore, much of the purported anecdotal evidence recited in the complaint addresses alleged irregularities related to absentee ballots.
“Significantly, all material factual allegations of the complaint must be taken as true.” Vames, 624 So.2d at 350. Here, taking Appellant’s allegations as true, they “are sufficient to clearly inform the defendant of the particular proceeding or cause for which the nomination or election .is contested.” § 102.168(5), Fla. Stat. Specifically, they are sufficient to allege at least two of the grounds for contesting an election: 1) “Misconduct, fraud, or corruption on the part of any election official ... sufficient to change or place in doubt the result of the election”; and 2) “Receipt of a number of illegal votes or rejection of a number of legal votes sufficient to change or place in doubt the result of the election.” § 102.168(3)(a), (e), Fla. Stat.

Conclusion

Based on the foregoing, we find no basis for dismissing Appellants complaint with prejudice. Consequently, the trial courts order is REVERSED and this matter is REMANDED for proceedings consistent with this opinion.
PADOVANO and CLARK, JJ., concur.

. One of the other defendants also filed an answer and motion to dismiss, but the trial *949 court’s order, and thus this opinion, addresses only Appellee’s motion.